Richard LUSSIER, Plaintiff, Appellant,

v.

LOUISVILLE LADDER COMPANY,
etc., Defendant, Appellee.

No. 91-1094.

United States Court of Appeals,
First Circuit.

Heard May 6, 1991.

Decided July 9, 1991.

Cornelius J. Moriarty, II with whom John F. Moriarty, Jr. and Moriarty & Wilson, were on brief, Holyoke, Mass., for plaintiff, appellant.

Lawrence B. Wernick with whom Patricia A. Zak and Cohen, Rosenthal, Price, Mirkin & Wernick, P.C., were on brief, Springfield, Mass., for defendant, appellee.

Before CAMPBELL, Circuit Judge, BOWNES, Senior Circuit Judge, and TORRES,* District Judge.

LEVIN H. CAMPBELL, Circuit Judge.

Richard Lussier appeals from the United States District Court's grant of summary judgment in favor of defendant, Louisville Ladder Company, on Lussier's products liability action alleging negligent design and manufacture, breach of warranty, and failure to warn. Because we agree with the district court that the pleadings and pre-trial discovery reveal no basis upon which a reasonable trier of fact could find in favor of the plaintiff, we affirm the grant of summary judgment in favor of Louisville Ladder.

## I.

On January 17, 1988, Richard Lussier decided to fix a venetian blind mounted over one of the windows in his apartment. The task required the use of a ladder, as the top of the window was twelve feet, three inches above the floor. Although the plaintiff owned stepladders, they were in storage at the time. To reach the blinds, Lussier decided to use an eighteen foot, Industrial Type 1,250 pound loadbearing sectional ladder manufactured by the defendant. Lussier placed the sections of the ladder on the floor and locked them together. Next, he placed the ladder against the wall above the large window in his living room. After setting up the ladder, Lussier climbed the first few rungs and bounced

* Of the District of Rhode Island, sitting by designation.

"to make sure the ladder wouldn't slip." He then climbed the ladder until he was high enough to reach the blinds, reached through the rungs of the ladder, and grabbed the center of the blinds. The ladder slipped and Lussier's arms broke through the window and were pinned between the rung of the ladder and the steel mullions of the window.

In his deposition, Lussier testified that, prior to setting up the ladder, he had read all of the instructions and warnings contained in the labels affixed to the sides of the ladder rails. Nevertheless, he remained uncertain as to how far from the base of the wall he could safely place the foot of the ladder. The instructions on the ladder advised the user that the ladder "must make a 75.5 angle with the ground," and provided a formula for determining the correct placement of the ladder base.[1] Lussier testified that he had not understood the instructions and had determined the proper placement of the ladder "by experience." Lussier further deposed that he knew the foot of the ladder should be placed within five feet of the wall, that ten feet would be too far as the ladder might slip out from under him, and that he had placed the ladder "less than five feet" from the wall. Lussier's expert asserted, however, that, given the length of the ladder and the height of the ceiling, the foot of the ladder could have been placed no less than eleven feet, ten and eight-tenths inches from the wall.

Lussier filed a complaint in Hampden County Superior Court, against Louisville Ladder Company, alleging negligent design and manufacture, breach of warranty, and failure to warn. Defendant removed the case to United States District Court for the District of Massachusetts, diversity of citizenship serving as the basis for federal jurisdiction. 28 U.S.C. § 1441. After discovery, including the deposition of the plaintiff and his expert, Richard Montefusco, Louisville Ladder filed a motion for summary judgment, alleging that the plaintiff's independent knowledge regarding safe placement of ladders rendered the adequacy of the set-up instructions irrelevant. The motion was first heard by a magistrate, who entered a report and recommendation that summary judgment be denied. The defendant filed objections to the report, and the plaintiff filed responses to the objections.

The District Court declined to adopt the magistrate's report and recommendation and, instead, allowed Louisville Ladder's motion for summary judgment. The district court concluded that pre-trial discovery established that the defendant's own "departure from common sense" caused the accident. The district court decided that the plaintiff's negligence claims were barred by his own contributory negligence and that the breach of warranty counts were barred by the defense of "misuse" of the product. After the court entered judgment for the defendant, plaintiff filed a timely notice of appeal.

## II.

■ Fed.R.Civ.P. 56(c) provides that "[t]he judgment sought shall be rendered forthwith" if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). On summary judgment, our review of the district court's factual findings is *de novo*. We view the facts in the light most favorable to the nonmoving party, here the plaintiff, indulging all inferences favorable to him. *Oliver v. Digital Equipment Corp.*, 846 F.2d 103, 105 (1st Cir.1988). We conclude here that plaintiff's independent knowledge concerning proper placement of the ladder rendered the adequacy of the warning irrelevant. Because the plaintiff failed to establish that the alleged inadequacy of defen-

---

**1.** The formula provided in defendant's written instruction prescribes a distance of 4.5 feet between the foot of the ladder and the wall. Lussier's own expert deposed that the ladder would not have slipped had it been placed within ten feet of the wall.

dant's warning proximately caused his injuries, summary judgment for the defendant was appropriate. We need not reach the defenses of contributory negligence or misuse.[2]

■ Massachusetts law[3] requires that a manufacturer " 'warn foreseeable users of dangers in the use of that product of which he knows or should have known.' " *Bavuso v. Caterpillar Industrial, Inc.*, 408 Mass. 694, 699, 563 N.E.2d 198, 201 (1990) (quoting *Mitchell v. Sky Climber*, 396 Mass. 629, 631, 487 N.E.2d 1374 (1986)). However, the duty to warn does not apply "where the danger presented by a product is obvious, ... because in such case a warning will not reduce the likelihood of injury." *Colter v. Barber–Greene Co.*, 403 Mass. 50, 59, 525 N.E.2d 1305, 1312 (1988). In this same vein, Massachusetts recognizes a category of users who, based on their superior knowledge of the hazards of a particular product, could have avoided the danger. Although a manufacturer may have failed to warn about the dangers of a particular product, a plaintiff who is a "knowledgeable user" cannot recover if, based on his superior knowledge, he understood the danger. *See, e.g., Laaperi v. Sears, Roebuck & Co., Inc.*, 787 F.2d 726, 732 (1st Cir.1986) (holding that a plaintiff "may not recover if it can be shown that because of his above-average knowledge, he already appreciated the very danger the warning would have described"). In short, the failure to warn was not the proximate cause of the knowledgeable user's injury. *See Colter v. Barber–Greene Co., supra*, (granting JNOV for the defendant on failure to warn claim where plaintiff admitted

knowledge of the dangers of greasing a machine while it was in operation); *Bavuso v. Caterpillar Industrial, Inc., supra*, (holding that forklift manufacturer was not liable for failure to warn when danger was obvious to experienced user); *see also* W. Prosser & W. Keeton, Torts § 96, at 686 (5th ed. 1984) ("It is clear that there should be no liability for failing to warn someone of a risk or hazard which he appreciated to the same extent as a warning would have provided.").

For the purposes of summary judgment, Louisville Ladder concedes arguendo that its written warning affixed to the ladder was inadequate.[4] The key question, therefore, is one of causation: Did the inadequate warning cause Lussier's injuries, or, put another way, would a more complete warning have prevented the accident? Lussier deposed that he knew that the foot of the ladder should be placed within five feet from the supporting wall. When asked whether he had actually placed the ladder "more or less than five feet [from the wall]," he answered "I will say less than five feet. A lot less." He went on to state that ten feet "would be too far ... [b]ecause the ladder would slip out from underneath you probably." This testimony indicates not only that Lussier was aware of the proper positioning of the ladder, but that he understood the specific danger created by the manner in which he positioned the ladder—namely, he understood that the ladder could slip out from underneath the user.

As Lussier's expert indicated, and as common sense suggests, it was physically impossible, given the size of the room, for

---

**2.** In affirming the entry of summary judgment, this court need not base its decision on the same reasons that persuaded the district court. *See* C. Wright, A. Miller, M. Kane, *Federal Practice and Procedure* § 2716 at 658 (1983); *Shah v. General Elec. Co.*, 816 F.2d 264, 270 (6th Cir.1987).

**3.** Plaintiff is a resident of Massachusetts, the ladder was purchased in Massachusetts, and the accident occurred in Massachusetts. Applicable choice of law principles dictate that the substantive law of Massachusetts governs in this case. *Klaxon Co. v. Stentor Electric Manufacturing Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

**4.** The instructions concerning the proper position of the ladder read as follows:

8. Position ladder against upper support surfaces. Make sure ladder does not lean to side. Ladder must make a 75½ angle with the ground.

9. To establish if ladder is at proper angle— Determine the distance along the rail between the top and bottom support points of the ladder. Divide this distance by 4. The result will be the horizontal distance between the top and bottom support points.

Lussier to have placed the ladder within ten feet of the wall, much less within five feet. The plaintiff argues that his testimony demonstrates that, in fact, he had no idea how far away from the wall he placed the ladder and that he might have believed that he had positioned it safely. Whether he had such a belief is said by Lussier to be a question for the jury. But if Lussier believed that he had set the ladder up safely, this was because he either grossly miscalculated the distance between the ladder and the wall or, having "bounced" on the ladder, thought it was safe even though positioned at twice what he knew to be a safe distance from the wall. In neither event would a warning, explaining the proper distance to set the ladder, have made any difference. Regardless whether Lussier had understood the present instruction or the instruction had intelligibly stated "PLACE THE LADDER 4.5 FEET FROM THE WALL," he would have been in no better position than he was in when he relied on his own knowledge of ladder use (which told him essentially the same thing). He still would have been required to measure or estimate the appropriate distance and set the ladder up accordingly. His failure to do so here cannot be attributed to the defendant's inadequate instructions.

## III.

Because an adequate instruction would not have enhanced the plaintiff's existing knowledge as to proper ladder setup, the inadequacy of the warning did not proximately cause the plaintiff's injuries. Summary judgment was, therefore, appropriate.

*Affirmed. Costs to appellee.*