**Herbert C. MARTIN, Appellant,**

v.

**CLOTH WORLD OF TEXAS, INC., Appellee.**

**No. 05–84–00196–CV.**

Court of Appeals of Texas, Dallas.

May 13, 1985.

Rehearing Denied June 11, 1985.

Albert Levy, Dallas, for appellant.

John A. Gilliam, Dallas, for appellee.

Before STEPHENS, ALLEN and McCLUNG, JJ.

McCLUNG, Justice.

This is an appeal from a summary judgment. Because we hold the appellee has failed to establish as a matter of law that no material issue of fact exists, we reverse the trial court's judgment and remand the cause for trial.

Both parties to this appeal are successors in interest to a lease agreement with an original term of five years. Herbert C. Martin, appellant, is the current landlord and Cloth World of Texas, Inc., appellee, is the current tenant under the lease. Suit was filed by Martin alleging the lease had expired and asking that Cloth World be ordered to vacate the premises. Cloth World, by way of answer and counterclaim, pleaded that an addendum, executed simultaneously with the lease, granted Cloth World an option to extend the lease for a five-year term and that Cloth World properly exercised that option. Cloth World moved for summary judgment supported by an affidavit of the real estate agent that was involved in the transaction between the original lessor and lessee, who are both now deceased. The agent's affidavit states the addendum was a part of the original agreement and was attached to the lease at the time of its execution. Martin denies the existence of the addendum, maintaining in his response to Cloth World's motion for summary judgment that the records which he obtained from his predecessor in interest *do not contain such an addendum.*

The two points of error and two counterpoints address the central issue of whether the affidavit of the agent attached to the motion for summary judgment establishes as a matter of law the existence of the addendum granting Cloth World the option to renew. In addressing that issue, we first must determine if the agent was an *interested witness* within the meaning of TEX.R.CIV.P. 166–A(c).

Unlike most Texas cases involving interested witnesses, the witness in this case was not employed by or associated with either litigant at the time of the summary judgment hearing. However, in this case there is another potential source of

bias with respect to the agent. The most common source of bias is the pecuniary interest of a witness. 98 C.J.S. *Witnesses* § 538 (1957). By the terms of the original lease the agent received a percentage commission based on rental to be paid under that lease. The agent would receive an additional commission if the lease were renewed under the terms of the purported addendum. The agent's ability to draw additional income from the lease renewal is a pecuniary interest which would tend to create a partisan feeling about this case. Although there is no direct precedent in this jurisdiction for our holding, we conclude that a pecuniary interest in the outcome of a lawsuit is the kind of interest which must be closely examined in accordance with rule 166–A(c) before that witness' affidavit can serve as the basis for a summary judgment. The cases cited by Cloth World to support its argument that the agent is not an interested witness are clearly distinguishable from this case on their facts. Therefore, we disagree with Cloth World's argument and hold that the agent is an interested witness as contemplated in TEX.R.CIV.P. 166–A(c).

■ It is a well-established rule that the uncontroverted testimony of an interested witness does no more than create a fact issue. *Great American . Reserve Insurance Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). There is, of course, an exception to this general rule as set out in TEX.R.CIV.P. 166–A(c).

■ We now must determine if the affidavit of the interested witness utilized by Cloth World fits within the recognized exception. The criteria listed in rule 166–A(c) which must be met for the trial court to grant summary judgment based on testimonial evidence of an interested witness were addressed by this court in *Hunsucker v. Omega Industries,* 659 S.W.2d 692 (Tex. App.—Dallas 1983, no writ). To do more than raise a fact issue, the uncontroverted testimony of an interested witness must be (1) clear, positive and direct; (2) otherwise credible and free from contradictions and

inconsistencies; and (3) could have been readily controverted. TEX.R.CIV.P. 166–A(c); *Hunsucker,* 659 S.W.2d at 697. Additionally, there must be no circumstances in evidence tending to discredit or impeach such testimony. *Americana Motel, Inc. v. Johnson,* 610 S.W.2d 143 (Tex.1980); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex. 1972); *A & S Electrical Contractors, Inc. v. Fischer,* 622 S.W.2d 601, 603 (Tex.App.—Tyler 1981, no writ); *Moore & Associates v. Metropolitan Life Insurance Co.,* 604 S.W.2d 487, 491 (Tex.Civ.App.—Dallas 1980, no writ).

■ A review of the lease agreement and the purported addendum which were included in the summary judgment proof reveals circumstances in evidence tending to discredit or impeach the agent's testimony. The addendum which Cloth World asserts is a part of the lease appears on a separate page. That page is not signed or initialed by either party to the lease agreement, but is initialed only by the agent. In addition, only the agent's initials appear on page 6 of the lease. Page 6 contains paragraph 22 that provides for a commission to be paid to the agent during the term of the lease, "and any extension or renewals thereof." The quoted phrase is not aligned with the type on the remainder of the page. These facts appear to be of particular significance since all other pages of Cloth World's copy of the lease agreement, with the exception of the first page, are signed or initialed by the parties and the agent. The copy of the lease attached to Martin's affidavit, represented to be their complete file copy, does not reflect the agent's initials on any page. In addition, the only language in the body of the lease agreement which could possibly be construed as referring to the purported addendum is the general reference to "any extensions or renewals" of the lease in paragraph 22. We conclude that these circumstances tend to discredit or impeach the agent's testimony that the addendum was attached to the lease at the time it was executed. Consequently, we hold that the agent's affidavit does no more than raise a fact issue as to

whether the addendum was a part of the original lease. Cloth World was not entitled to summary judgment since it failed to establish that as a matter of law that no genuine issue of fact exists. *McFadden v. American United Life Insurance Co.*, 658 S.W.2d 147, 148 (Tex.1983)

The trial court's judgment is reversed, and the cause is remanded for trial on the merits. TEX.R.CIV.P. 434.