EDWARD M. MITCHELL, JR., administrator,[1] *vs.* SKY CLIMBER, INC.[2]

Norfolk. November 4, 1985. — January 28, 1986.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Negligence,* Manufacturer, Duty to warn.

A manufacturer which merely supplied electrically powered lift motors to a scaffolding company which, in turn, used the motors along with other component parts to assemble the scaffolding equipment it then sold or leased to a company which employed a worker who subsequently died while working on the scaffolding, due to an electric shock caused by the scaffolding's being improperly rigged, had no duty to set forth in its customers' manuals a warning of the risks that caused the worker's death which were apparently created solely by an act of another and not associated with a foreseeable use or misuse of the manufacturer's own product. [631-632]

CIVIL ACTION commenced in the Superior Court Department on August 16, 1979.

The case was heard by *Richard S. Kelley,* J., on a motion for summary judgment.

The Supreme Judicial Court transferred the case from the Appeals Court on its own initiative.

*Andrea H. Loew* for the plaintiff.

*Andre A. Sansoucy (Philander Ratzkoff* with him) for the defendant.

WILKINS, J. The plaintiff's decedent (Mitchell) died on July 28, 1979, as a result of a strong and sustained electric shock he received while working from movable scaffolding equipment attached to a building on Winter Street in Boston. The complaint, as now amended, alleges negligence against the

---

[1] Of the estate of Edward M. Mitchell.

[2] Other defendants named in the plaintiff's complaint, as now amended, are not involved in this appeal.

defendant Sky Climber, Inc. (Sky Climber), which sold lift motors to the defendant Marr Scaffolding Company (Marr) which, in turn, sold or leased the lift motors and other scaffolding equipment to Mitchell's employer, Brisk Waterproofing Co., Inc.

A Superior Court judge heard the case on Sky Climber's motion for summary judgment, allowed the motion, and entered judgment for Sky Climber pursuant to Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974). On our own we transferred the plaintiff's appeal here. We affirm the judgment.

The plaintiff makes no claim that the electrically powered lift motors sold by Sky Climber to Marr were defective in any respect. Sky Climber provided no other part of the scaffolding equipment. The claim is that Sky Climber violated a duty to give instructions concerning the safe and proper rigging and use of the scaffolding. The plaintiff's summary judgment material indicates that the scaffolding equipment lost power while Mitchell and another employee were attempting to move to another floor of the building on which they were working. Mitchell undertook to correct what appeared to be a loose connection between the main power cords leading to the two motors. In fact, improper rigging had strained the main power supply line, cutting the insulation of a wire so that the live wire came in contact with an ungrounded metal junction box. Mitchell touched the junction box and was subjected to 220 volts of electricity for approximately five minutes. He died a few days later.

Sky Climber distributed manuals to its customers containing safety, rigging, operating, and maintenance information. Mitchell's employer received those manuals frequently, and they were available to workers for review. Sky Climber distributed a manual with each lift motor it sold and also made manuals available for puchase by customers. In advising foremen as to their tasks, the field superintendent for Mitchell's employer took into consideration information in Sky Climber's manuals.

We may assume that there is a jury question whether the negligent assembly of the scaffolding equipment ultimately

caused the short circuit and a jury question whether failure to ground the junction box was negligent. Sky Climber did not assemble or design the scaffolding. The plaintiff does not claim that Sky Climber's manual contained any error that led to the improper rigging of the scaffolding or to the use of defective equipment. Nor does he show that anyone was misled by any omission of a warning from the manual. Rather, the claim appears to be that because it distributed a manual, Sky Climber owed an affirmative duty to warn of the defects that caused Mitchell's injuries and death.

A manufacturer of a product has a duty to warn foreseeable users of dangers in the use of that product of which he knows or should have known. *H.P. Hood & Sons* v. *Ford Motor Co.,* 370 Mass. 69, 75 (1976). A manufacturer who advises prospective users concerning the use of its own product must provide complete and accurate warnings concerning dangers inherent in that product. See *Fiorentino* v. *A.E. Staley Mfg. Co.,* 11 Mass. App. Ct. 428, 436 (1981). We have never held a manufacturer liable, however, for failure to warn of risks created solely in the use or misuse of the product of another manufacturer. See *Carrier* v. *Riddell, Inc.,* 721 F.2d 867, 869-870 (1st Cir. 1983), discussing Massachusetts law. The prevailing view is that a supplier of a component part containing no latent defect has no duty to warn the subsequent assembler or its customers of any danger that may arise after the components are assembled. See, e.g., *Castaldo* v. *Pittsburgh-Des Moines Steel Co.,* 376 A.2d 88, 90 (Del. 1977); *Temple* v. *Wean United, Inc.,* 50 Ohio St. 2d 317, 324-325 (1977); *Frazier* v. *Materials Transp. Co.,* 609 F. Supp. 933, 935 (W.D. Pa. 1985); *Lockett* v. *General Elec. Co.,* 376 F. Supp. 1201, 1211 (E.D. Pa. 1974), aff'd, 511 F.2d 1394 (3d Cir. 1975).

The plaintiff's basic argument does not rest on a duty to warn that would have existed had Sky Climber not distributed the manual. We see nothing in the manual to show that, although Sky Climber had no duty to warn, it voluntarily but negligently made representations in its manual on which Mitchell or his employer (or others) relied in selecting the parts and assembling the scaffolding equipment. The manual did not say

that junction boxes should (or should not) be grounded. Nor did it state how a scaffold should be rigged to avoid the risk of cutting the insulation of electric wires and thereby causing a short circuit.

Although Sky Climber had no duty to warn and made no voluntary but negligent statements in its manual, the question remains whether once it issued a manual, Sky Climber had a duty to warn against risks that caused Mitchell's death. The plaintiff cites no case imposing on the manufacturer or supplier of a component part a duty, arising from the distribution of a manual or other information, to warn of risks that might be created solely by others. We recognize that a manufacturer's duty extends to remote users as well as to purchasers. See *MacDonald* v. *Ortho Pharmaceutical Corp.*, 394 Mass. 131, 135 (1985); *Carter* v. *Yardley & Co.*, 319 Mass. 92, 96-97, 104 (1946). We recognize, however, no duty on a manufacturer to set forth in customers' manuals a warning of a possible risk created solely by an act of another that would not be associated with a foreseeable use or misuse of the manufacturer's own product. Compare *Schaeffer* v. *General Motors Corp.*, 372 Mass. 171, 174 (1977) (automobile manual should have warned of a foreseeable risk in the use of a component part manufactured by the defendant).

*Judgment affirmed.*