**Mark and Nancy WALTON, Appellants,**

v.

**HARNISCHFEGER d/b/a P & H Crane, Appellee.**

No. 04–89–00230–CV.

Court of Appeals of Texas,
San Antonio.

July 31, 1990.

Rehearing Denied Sept. 14, 1990.

R. Louis Bratton, Bonnie Bratton, The Bratton Firm, William Powers, Jr., Austin, for appellants.

Cathy J. Sheehan, Richard N. Francis, Jr., Plunkett, Gibson & Allen, San Antonio, for appellee.

Before REEVES, BIERY and CARR, JJ.

## OPINION

CARR, Justice.

This is an appeal from a summary judgment in a products liability case. This case arises out of an accident that resulted in injuries to appellant Mark Walton and which occurred when a nylon strap rigged to a load of tin and attached to a crane designed, manufactured, distributed and marketed by appellee Harnischfeger d/b/a P & H Crane, broke and caused the load of tin to drop on Mark Walton. Walton and his wife, Nancy Walton, also an appellant to this appeal, brought suit against appellee, Mark Walton's employer, the owner of the crane, the alleged manufacturer and seller of the nylon strap used to rig the load of tin, and the party that provided the nylon strap. Appellants' suit against appellee, based on negligence and strict liability, alleged that appellee failed to warn or to provide instructions regarding rigging of the crane and that the crane was defective due to the placement of the winch and boom extender controls.

Appellee filed a motion for summary judgment on the following grounds:

1. appellee had no duty to warn or instruct users of the crane in question with regard to rigging of the load in question;
2. the crane in question operated properly and in no way contributed to or caused the incident in question.

The trial court granted appellee's summary judgment motion and severed appellants' case against appellee. From the summary judgment below, appellants bring this appeal, alleging, in their sole point of error, that the trial court erred in granting summary judgment for appellee. We affirm.

### Duty to Warn or Instruct

■ The first issue this appeal presents is whether appellee, as a crane manufacturer, had a duty to warn and instruct about a particular type of rigging product, i.e., a nylon strap, even though the summary judgment evidence is uncontroverted that appellee did not manufacture, distribute, sell, or otherwise place the nylon strap or any other rigging material into the stream of commerce.

Courts in other jurisdictions have expressly held that a manufacturer does *not* have a duty to warn or instruct about another manufacturer's products, even though those products might be used in connection with the manufacturer's own product. *See Baughman v. General Motors Corp.*, 780 F.2d 1131, 1133 (4th Cir. 1986); *Mitchell v. Sky Climber, Inc.*, 396 Mass. 629, 487 N.E.2d 1374, 1376 (1985).

In the *Baughman* case, the plaintiff was injured by the explosive separation of a multi-piece truck wheel rim assembly. It was undisputed that General Motors Corporation had not manufactured or designed the wheel rim assembly, nor had General Motors incorporated any such assembly into its truck. Nevertheless, the plaintiff sued General Motors because it had manufactured the truck on which the plaintiff was placing the wheel when the explosion occurred. The district court granted summary judgment in favor of General Motors

in part on the ground that General Motors had no duty to warn of possible dangers posed by replacement parts that it did not design, manufacture, or place into the stream of commerce. In affirming the decision, the court stated:

> Since the exploding rim in question was a replacement component part and not original equipment, Baughman's position would require a manufacturer to test all possible replacement parts made by any manufacturer to determine their safety and to warn against the use of certain replacement parts. If the law were to impose such a duty, the burden upon a manufacturer would be excessive. While a manufacturer can be fairly charged with testing and warning of dangers associated *with components it decides to incorporate into its own product, it cannot be charged with testing and warning against any of a myriad of replacement parts supplied by any number of manufacturers.*

(Emphasis added.) *Baughman,* 780 F.2d at 1133.

The plaintiff in *Mitchell* asserted that Sky Climber, the manufacturer of an electrically-powered lift motor, violated a duty to give instructions concerning the safe and proper rigging to use with scaffolding. Sky Climber sold or leased lift motors to the plaintiff's employer, along with other scaffolding equipment. The scaffolding equipment, which was attached to a building at the time of this accident, lost power while the plaintiff's decedent attempted to move to another floor of the building. The decedent attempted to correct what appeared to be a loose connection between the main power cords leading to the two motors. The problem, however, was in the rigging instead of the power cords. Apparently, the rigging had strained the power supply line and cut the insulation of a wire. The live wire came into contact with an ungrounded metal junction box. The decedent touched the box and subjected himself to 200 volts of electricity.

Sky Climber provided no part of the scaffolding equipment other than the electrically-powered lift motors, nor did Sky Climber design or assemble the scaffolding. The court found that the manufacturer had no duty to set forth in customers' manuals a warning of possible risk created solely by the act of another. The court stated that, while a manufacturer does have a duty to provide warnings regarding the dangers of its own product, "[w]e have never held a manufacturer liable, however, for failure to warn of risks created solely in the use or misuse of the product of another manufacturer." *Mitchell,* 487 N.E.2d at 1376.

The nylon strap used to lift the load of tin involved in this incident was not a component part of the crane nor was the nylon strap incorporated into the crane by appellee when it manufactured the crane. To require the manufacturer to warn of all rigging dangers would be unfair and unrealistic—a fact recognized in *Baughman* and *Mitchell.*

■ Whether a duty exists is a question of law to be decided by the court. *See Otis Eng'g Corp. v. Clark,* 668 S.W.2d 307, 309 (Tex.1983) (negligence case); *Hamilton v. Motor Coach Indus., Inc.,* 569 S.W.2d 571, 576 (Tex.Civ.App.—Texarkana 1978, no writ) (strict tort liability case); Green, *Strict Liability Under Sections 402A and 402B: A Decade of Litigation,* 54 TEX.L. REV. 1185, 1200 (1976).

Our Supreme Court stated in *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970), regarding summary judgment proof that

> the question . . . is *not* whether the summary judgment proof *raises fact issues* with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof *establishes as a matter of law that there is no genuine issue of fact* as to one or more of the essential elements of the plaintiff's cause of action.

The appellee's summary judgment evidence in this case is uncontroverted in the following regards: appellee did not manufacture, distribute, sell, or otherwise place the nylon straps or any other rigging material into the stream of commerce; appellee is not in the business of manufacturing or selling any rigging material; and rigging is

a complex art that requires different loads to be rigged in a multitude of different ways. We hold that, under the facts of this case, appellee had no duty to warn or instruct users of its crane about rigging it did not manufacture, incorporate into its crane, or place into the stream of commerce. Since a duty to warn is an essential element of the Walton's claim, the absence of a duty compels a summary judgment for appellee based upon its "no-duty" ground.

### Causation

Appellant contends that a material issue of fact exists as to whether the alleged design defect in the placement of the controls for the winch and boom extender on the crane in fact caused the accident under either a negligence or strict liability cause of action. Appellee contends that it was entitled to judgment as a matter of law because the summary judgment evidence conclusively shows that the alleged defect in the placement of the winch and boom extender controls on the crane was not the cause in fact of appellant Mark Walton's injuries.

■ Our Supreme Court, in *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985), set out in the standard for reviewing a summary judgment:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

Summary judgment for a defendant is proper when at least one element of a plaintiff's cause of action has been established conclusively against the plaintiff. *Cloys v. Turbin*, 608 S.W.2d 697, 699 (Tex. Civ.App.—Dallas 1980, no writ); *see Otis Eng'g Corp.*, 668 S.W.2d at 311. An actionable tort, whether based on negligence or strict liability, includes the element of causation or cause in fact. *See Gideon v. Johns–Manville Sales Corp.*, 761 F.2d 1129, 1136 (5th Cir.1985); Prosser and Keeton on Torts, § 41 (5th ed. 1984). Therefore, a defendant is entitled to summary judgment if cause in fact is negated by the summary judgment evidence.

■ Appellee's summary judgment evidence consisted primarily of the deposition of defendant Rocky Powell, who was appellant Mark Walton's employer and who was the operator of the crane at the time of the incident in question. Appellee contends that Powell's testimony that, at the time of the accident, the crane operated properly, that he had no problems finding any of the levers, that the crane was not malfunctioning, that he was not confused regarding which levers control the winch and the boom extender, that the boom was not extended nor being raised or lowered, and that only the winch was lifting the load of tin establishes as a matter of law that the crane did not contribute to or cause the accident in question.

Appellants argue that Powell's testimony cannot establish lack of causation because he is an interested witness and his testimony consists of lay opinions and conclusions. Appellants further argue that Powell's testimony was rebutted by appellants' summary judgment evidence, namely that of their expert witness, Norm Sachnik, whose affidavit states:

The product in question manufactured by [appellee] in light of it function requires special design attention. This product presents risks and hazards to operator and bystanders and riggers. It is my opinion based on all of the above that *the crane in question was and is unreasonably dangerous when used in conjunction with the type of nylon strap* that failed on the day in question *and produced the accident in question.*

(Emphasis added.)

We disagree with appellant's arguments. Even if Powell could be deemed an interested witness, his testimony meets the requirements of the exception under TEX.R. CIV.P. 166a(c), which allows an interested lay witness to support a summary judg-

ment if his testimony is uncontroverted, clear, positive, and direct, and could have been readily controverted. *See Martin v. Cloth World*, 692 S.W.2d 134, 136 (Tex. App.—Dallas 1985, writ ref'd n.r.e.); *A & S Electric Contractors, Inc. v. Fischer*, 622 S.W.2d 601, 603 (Tex.App.—Tyler 1981, no writ). Powell's above-described testimony clearly and directly asserts facts; is not in the form of opinions or conclusions; and is precisely the type of evidence that could be readily controverted. In addition, the affidavit of Mr. Sachnik does not controvert Powell's testimony. Sachnik's testimony makes no reference to Powell's factual statements regarding the boom extender and the winch controls. Sachnik's testimony does not state that the boom extender or the winch controls were defective and that such defect was the producing cause of the accident, but merely asserts that the crane was unreasonably dangerous when used in tandem with a nylon strap that failed and that produced the accident. This does not controvert Powell's direct testimony. Therefore, Powell's deposition testimony meets the standards of summary judgment testimonial evidence. *See Wiley v. City of Lubbock*, 626 S.W.2d 916, 918 (Tex. App.—Amarillo 1981, no writ).

For the above reasons, we overrule appellants' sole point of error.

The judgment of the trial court is affirmed.