Tina NEBGEN & Alton
Nebgen, Appellants,

v.

MINNESOTA MINING & MANUFAC-
TURING COMPANY, Appellees.

No. 04–94–00187–CV.

Court of Appeals of Texas,
San Antonio.

March 29, 1995.

Rehearing Denied May 5, 1995.

Abraham Moss, Law Offices of Abraham Moss, Corpus Christi, for appellants.

James L. Walker, Kimberly O'D. Thompson, Jackson & Walker, L.L.P., San Antonio, for appellees.

Before CHAPA, C.J., and RICKHOFF and STONE, JJ.

RICKHOFF, Justice.

This is a products liability case. Appellants, Tina and Alton Nebgen, appeal a summary judgment rendered in favor of appellee, 3M Company a/k/a Minnesota Mining and Manufacturing Company (3M). The Nebgens sought to recover damages for personal injuries on theories of negligence, strict products liability, and breach of warranty.

The trial court granted appellee's motion for summary judgment "in all things." The dispositive issue in this appeal is whether 3M's summary judgment proof was legally sufficient to negate all of appellants' claims. We conclude that it was, and affirm the judgment.

### BACKGROUND

In September 1989 the Nebgens purchased a new stain-resistant carpet from S & H Carpets Company, which was delivered and installed in their home. They alleged that as a result of exposure to the carpet, Mrs. Nebgen suffered injuries, including rashes, sinus and respiratory allergies and ailments, severe headaches, weight and hair loss, and numbness of her left arm. Mr. Nebgen claimed loss of consortium. They brought suit against 3M Company, E.I. DuPont de Nemours & Company, S & H Carpets Company (the local retailer), and JPS Company (the distributor). In their second amended petition, the Nebgens claimed the "Stainmaster" carpet they purchased was designed, manufactured, and marketed by DuPont and 3M, and that it had been treated with "Scotchgard Stain Release," a product designed, manufactured, and sold by 3M. Alternatively, appellants alleged that 3M placed the carpet treatment on the market and represented that the carpet treatment "was designed, manufactured and marketed in a manner so that there would be no risk of suffering serious and disabling bodily injuries."

Appellee 3M filed a motion for summary judgment and severance from the other three defendants based on the grounds that it did not manufacture, distribute, sell, or otherwise place into the stream of commerce the stain-resistant component of the carpet, nor did it manufacture the finished carpet in question; it did not manufacture any compound or treatment applied to the carpet in question, nor did it provide bulk chemicals or materials to the carpet mill for the manufacture of the carpet; there was no evidence that Mrs. Nebgen was ever exposed to or provided with any product manufactured or distributed by 3M; and there was no showing that any product manufactured by 3M was defective or unreasonably dangerous.

Appellee supported its motion with an affidavit sworn to by Bradley C. Sweet, Senior Counsel for 3M, which averred, based on his own personal knowledge as Senior Counsel, that

3M does not manufacture, distribute or sell carpet. 3M did not manufacture, distribute, sell or place the carpet made the basis of this lawsuit into the stream of commerce. 3M does not manufacture nylon 66 fiber, or any other component of the carpet. In addition, 3M did not supply the carpet manufacturer with products to make the carpet stain resistant and soil resistant. 3M does manufacture "Scotchgard," a product designed to make carpets stain resistant and soil resistant, but "Scotchgard" was not used in the manufacture of the carpet at issue in this case. Scotchgard is not defective nor unreasonably dangerous.

Appellants did not file a response to the motion for summary judgment. The trial court granted the motion and severed appellants' case against 3M from their case against the other three named defendants.

### DISCUSSION

■ The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). *See also* TEX.R.CIV.P. 166a(c). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the nonmovant. *Nixon,* 690 S.W.2d at 549; *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984). Every reasonable inference from the evidence will be indulged in favor of the nonmovant, and any doubts will be resolved in his favor. *Nixon,* 690 S.W.2d at 549; *Montgomery,* 669 S.W.2d at 311. Because appellants did not file a response to the motion for summary judgment, however, the only contention they may raise on appeal is that the grounds expressly presented to the

trial court by the movant's motion are insufficient as a matter of law to support the judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

In their third point of error, appellants claim the summary judgment proof was legally insufficient to negate essential elements of their causes of action. Summary judgment for a defendant is proper when at least one element of a plaintiff's cause of action has been established conclusively against the plaintiff. *Walton v. Harnischfeger*, 796 S.W.2d 225, 228 (Tex.App.—San Antonio 1990, writ denied). An actionable tort, whether based on negligence or strict liability, includes the element of causation or cause in fact. *Id.* Moreover, a fundamental principle of products liability law is that the plaintiff must prove that the defendant supplied the product that caused the injury. *Gaulding v. Celotex Corp.*, 772 S.W.2d 66, 67 (Tex. 1989).

When the defense is in the nature of a denial, as it is here, the burden of the defendant moving for summary judgment is to establish that the plaintiff does not have sufficient evidence to go to a jury on a controlling issue that is essential to his recovery. *Peek v. Oshman's Sporting Goods, Inc.*, 768 S.W.2d 841, 843 (Tex.App.—San Antonio 1989, writ denied). *See also State v. Seventeen Thousand and no/100 Dollars U.S. Currency*, 809 S.W.2d 637, 639 (Tex.App.—Corpus Christi 1991, no writ). In this case, 3M's summary judgment evidence consists, among other things, of Mr. Sweet's affidavit, which denied that 3M manufactured, distributed, supplied, or placed into the stream of commerce either the carpet in question or the treatment product alleged to have caused the appellants' injuries. This testimony is clear, positive, and direct, free of contradictions and inconsistencies, and could have been readily controverted. *See* Tex.R.Civ.P. 166a(c). The Texas Supreme Court, in *Casso v. Brand*, 776 S.W.2d 551 (Tex.1989), defined the phrase "could have been readily controverted" as meaning "that testimony at issue is of a nature which can be effectively countered by opposing evidence." *Id.* at 558. The court continued, "[I]f the non-movant must, in all likelihood, come forth with independent evidence to prevail, then summary judgment may well be proper in the absence of such controverting proof." *Id.*

In the present case, such competent, uncontroverted proof negated, as a matter of law, the elements of duty and causation, which are essential elements of the appellants' causes of action for negligence, strict products liability, and breach of warranty. Once a defendant has negated elements of the plaintiff's causes of action, the plaintiff has the burden of introducing evidence that raises an issue of fact regarding those elements. *Goldberg v. United States Shoe Corp.*, 775 S.W.2d 751, 751 (Tex.App.—Houston [1st Dist.] 1989, writ denied). The record in this case is devoid of any evidence that raises a material fact issue of whether 3M manufactured or supplied the product that caused appellants' injuries, save for the pleadings. Pleadings, however, are not summary judgment proof, and pleadings are not to be considered when determining whether fact issues are presented in summary judgment motions. *Clear Creek*, 589 S.W.2d at 678. Appellants also claim their answer to 3M's Interrogatory No. 18, which 3M attached to its motion as summary judgment proof, raises an issue of fact, which therefore conflicts with 3M's motion and precludes summary judgment. However, a non-movant's answers to interrogatories "cannot be used to defeat a motion for summary judgment on the ground that they raise a material fact issue." *Elliott v. State*, 818 S.W.2d 71, 73 (Tex.App.—San Antonio 1991, writ denied). Answers to interrogatories "may be used only against the party answering the interrogatories." Tex.R.Civ.P. 168(2). We hold that 3M's uncontroverted summary judgment evidence negates, as a matter of law, appellants' causes of action. The third point is overruled.

In their second point of error, appellants claim their pleadings alleged that Scotchgard was used to treat the carpet "at some undetermined time" after manufacture, and that Mr. Sweet's affidavit is legally insufficient to support the summary judgment on this theory. Appellee argues that appellants are attempting to raise this issue for the first

time on appeal, and that the pleadings alleged only that the carpet was treated *during manufacture* with a stain retardant. We first note that although a nonmovant is not required to answer or respond to a motion for summary judgment, he may not raise any new issues as grounds for reversal on appeal. *Clear Creek,* 589 S.W.2d at 678. Although appellants now assert that their second amended petition "does not allege that the carpet was treated in manufacture, nor that it was a component part of the carpet," a fair reading of their pleadings reveals the following allegations: "The carpet was in the same condition at the time TINA NEBGEN was injured as it was when it originally manufactured and at the same time it was sold to plaintiffs"; "[D]efendants DUPONT and 3M COMPANY designed, manufactured, and marketed the Dupont 'Stainmaster' carpet"; "[D]efendants were jointly engaged in the business of introducing the ... carpet into the stream of commerce"; and "When defendants placed the carpet into the stream of commerce, it contained certain defects which caused the carpet to be unreasonably dangerous to the ordinary user, including plaintiffs." It is disingenuous for appellants to argue now, on appeal, that their carpet was treated with Scotchgard at some unspecified time after manufacture. This point is without merit.

In their first point of error, appellants claim that the summary judgment proof was legally insufficient to establish that Scotchgard is not defective or unreasonably dangerous. However, because we have found that 3M has established as a matter of law that it had no duty to appellants, nor caused appellants' injuries, any allegedly "defective" or "dangerous" condition of Scotchgard is immaterial to the case at hand. Also under point one, appellants raise several challenges to defects of form in 3M's summary judgment motion and evidence. Objections to summary judgment proof, however, must be timely lodged in the trial court and may not be raised for the first time on appeal. *Archambault v. Archambault,* 846 S.W.2d 359, 361 (Tex.App.—Houston [14th Dist.] 1992, no writ); *Thompson v. Dart,* 746 S.W.2d 821, 825 (Tex.App.—San Antonio 1988, no writ). Appellants raised no objec-

tions to the complained-of defects, and therefore cannot raise these defects for the first time on appeal. *See Clear Creek,* 589 S.W.2d at 678. The first point is overruled.

The judgment is affirmed.

CHAPA, Chief Justice, dissenting.

I believe the majority erroneously sustains this judgment as disposing of all of the appellants' causes of action. I therefore respectfully dissent.

Appellants argue that 3M's summary judgment proof was legally insufficient to negate essential elements of all their causes of action. As noted by the majority, it is well settled that summary judgment for a defendant is proper when at least one element of a plaintiff's cause of action has been established conclusively against the plaintiff. *Walton v. Harnischfeger,* 796 S.W.2d 225, 228 (Tex.App.—San Antonio 1990, writ denied). Therefore, the movant must establish entitlement to summary judgment only on the *issues* expressly presented to the trial court by conclusively establishing all essential elements of its defense. *Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 27 (Tex. 1990).

In their second and third points of error, appellants point out that their pleadings alleged that Scotchgard was used to treat the carpet "at some undetermined time" *after* manufacture, and that Mr. Sweet's affidavit was legally insufficient to support the summary judgment on this theory. Appellee 3M, on the other hand, argues that the pleadings alleged solely that the carpet was treated *during manufacture* with a stain retardant. To support this contention, 3M directs us to several passages in appellants' pleadings which plainly assert that 3M was either involved in the manufacture of the carpet or that the allegedly harmful compound was used as a component in, or to treat, the new carpet.

Appellants, however, direct our attention to paragraph X of their Second Amended Petition, which states:

Alternatively, by placing the carpet treatment on the market for use by ultimate

consumers such as [appellants], and by its accompanying sales and advertising literature, 3M COMPANY represented to [appellants] and others that the carpet treatment was designed, manufactured and marketed in a manner so that there would be no risk of suffering serious and disabling bodily injuries.

In the absence of special exceptions, we must liberally construe a petition in favor of the pleader. *Roark v. Allen,* 633 S.W.2d 804, 809 (Tex.1982); *see* TEX.R.CIV.P. 45. The petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim. *Roark,* 633 S.W.2d at 810. Moreover, a party may state separate claims regardless of their consistency. TEX.R.CIV.P. 48. The record reflects that no special exceptions were filed by the appellee. In liberally construing these pleadings, as we must, and in indulging every reasonable inference in favor of appellants, we should conclude that appellants raised the issue below that the carpet was treated with a 3M carpet treatment at some time other than during manufacture, and that the product was harmful and defective.

In stretching to affirm, the majority adopts a novel standard for interpreting pleadings which, as here, have not been attacked by special exceptions. Instead of liberally construing the pleadings as the law requires, the majority adopts a novel "fair reading" standard. Thus, the majority contends that their personal and individual "fair reading" of the pleadings justifies ignoring completely the alternative pleading which specifically addressed a cause of action alleging that "3M Company represented to [appellants] and others that the carpet treatment [which 3M admits marketing] was designed, manufactured and marketed in a manner so that there would be no risk of suffering serious and disabling bodily injuries." The majority ignores these allegations further by contending that pleadings do not raise fact issues without realizing that, although pleadings do not raise fact issues, they do indeed raise causes of actions, which must all be addressed and disposed of in order to justify a summary judgment "in all things."

Appellee 3M now contends that the Second Amended Petition was insufficient to give it fair notice of the claim that the carpet was treated with its product at some time other than at manufacture. The record, however, reflects otherwise. Appellee 3M's Motion for Summary Judgment and Severance avers: (1) "3M did not even manufacture a component part of the finished carpet, *nor did it manufacture any compound or treatment applied to the carpet in question.*" (emphasis added); (2) "There is no evidence that Plaintiff was even exposed to 3M's product, much less that any such product that 3M did manufacture was defective and unreasonably dangerous . . . ."; and (3) "Where there is no evidence that any product manufactured or distributed by 3M *was ever provided to plaintiffs* and there has been no showing that any such product was in any respect unfit or below merchantable quality . . . ." (emphasis added). These statements, combined with the last sentence of Mr. Sweet's affidavit declaring that "Scotchgard is not defective nor unreasonably dangerous," clearly would have no relevance in the summary judgment proceeding if 3M had no reasonable notice of the issues presented in paragraph X of appellants' pleadings.

Appellee 3M argues that appellants narrowed the timing issue to the time of manufacture when they specifically asserted in their cross-motion for summary judgment that the product " 'Scotchgard' was used in the manufacture of the carpet at issue in this case." While it is true that factual issues raised in a pleading can be abandoned by the nonmovant who affirmatively narrows its theories in a counter-motion for summary judgment, *Valdes v. Moore,* 476 S.W.2d 936, 939–41 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.), the record reveals that the appellants' motion was not timely filed, which fact was pointed out to the trial court in a handwritten motion filed by 3M's attorney. There is no indication that the trial court considered or acted on appellants' late motion, and a response that was not properly before the trial court will not be considered on appeal. *Murphy v. McDermott, Inc.,* 807 S.W.2d 606, 609 (Tex.App.—Houston [14th Dist.] 1991, writ denied).

Appellants' claims that Mrs. Nebgen's injuries were caused by an application of 3M's compound Scotchgard at some time other than manufacture, and that the compound is dangerous and defective, were raised in the pleadings with sufficient notice to 3M. Therefore, we should next analyze 3M's summary judgment proof to determine whether all of appellants' claims were negated as a matter of law.

Appellee urges that its summary judgment proof, as a matter of law, negated the elements of duty and causation, which are essential elements of appellants' causes of action in negligence, products liability, and breach of warranty. Appellants, on the other hand, contend that 3M's summary judgment proof is legally insufficient to negate their causes of action in negligence, products liability, and breach of warranty arising from their claim that Mrs. Nebgen suffered injury when exposed to Scotchgard, which they allege was applied to the carpet at some undetermined time after manufacture. 3M has conceded that it manufactures Scotchgard, the compound alleged to have caused Mrs. Nebgen's injuries. 3M's sole summary judgment proof to counter appellants' claim that Mrs. Nebgen was harmed by an application of Scotchgard is that Scotchgard is not defective or unreasonably dangerous. Appellants argue that this statement is a legal conclusion and therefore insufficient as a matter of law. Appellants are correct. A legal conclusion in an affidavit is insufficient to establish the existence of a fact in support of a motion for summary judgment. *Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583 (Tex.1984). Testimony that is comprised only of legal conclusions is insufficient to support a summary judgment as a matter of law, as is a conclusory statement made by an expert witness. *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex. 1991). The affidavit testimony of Mr. Sweet, Senior Legal Counsel for 3M, is manifestly insufficient, both legally and factually, to support the summary judgment as to this cause of action. As the Senior Legal Counsel, it can perhaps be reasonably inferred that he is an expert in his legal profession, the law. Nothing in the affidavit, however, establishes him as an expert in the field of dangerous defective products. Moreover, the affidavit evidence does not include any legal or factual basis or reasoning for his conclusion that Scotchgard is not defective or unreasonably dangerous. *See id.* As such, the evidence is wholly conclusory and, therefore, incompetent to support a summary judgment as to the Nebgens' claims that Mrs. Nebgen was injured by 3M's product, Scotchgard. If the Texas Supreme Court would not accept conclusory statements from a lawyer in a *legal malpractice case* to support a summary judgment, what authority does this court have to accept conclusory statements from a lawyer in a products liability case? *See Anderson,* 808 S.W.2d at 55.

Appellee 3M contends that appellants' failure to raise in a response the defect of a conclusory statement precludes their raising the issue on appeal. The majority erroneously confuses substance with form in endorsing the contentions of the appellee. The presence of a conclusion in an affidavit is a defect of substance rather than form, and therefore no objection or response in the trial court is necessary to contend on appeal that the proof is legally insufficient to support the summary judgment. *Sorrells v. Giberson,* 780 S.W.2d 936, 938 (Tex.App.—Austin 1989, writ denied); *Harley–Davidson Motor Co. v. Young,* 720 S.W.2d 211, 213 (Tex.App.— Houston [14th Dist.] 1986, no writ); *see* Timothy Patton, *Summary Judgments in Texas* 76 (1992). Thus, appellants' assertion that the statement is conclusory is properly before this court, and we should find that the conclusory statement is insufficient as a matter of law to support the summary judgment as to the claim that Mrs. Nebgen was exposed to, and harmed by, 3M's product, Scotchgard.

Consequently, the summary judgment was erroneously rendered when, under the record, at least one of the appellants' theories was not conclusively disproved by appellee's summary judgment proof. A summary judgment for the defendant which disposes of the entire case is proper only if, as a matter of law, the plaintiff could not succeed upon any theories pleaded. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983). When only some of the alleged theories pleaded are disposed of by summary judgment, a severance must

be obtained in order to make the resulting partial summary judgment final and appealable. *Mafrige v. Ross,* 866 S.W.2d 590, 591 (Tex.1993).

Although the summary judgment purports to be final and dispose of "all things," it "grants more relief than requested" and "should be reversed and remanded." *Mafrige,* 866 S.W.2d at 592.