

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00514-CV

Judith Ann **MIEARS** and Patricia Anderson,
Appellants

v.

Jean **MCPHERSON**,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 13-0659-CV-A
Honorable Jessica Crawford, Judge Presiding

### OPINION ON MOTION FOR REHEARING

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Patricia O. Alvarez, Justice
    Luz Elena D. Chapa, Justice
    Irene Rios, Justice

Delivered and Filed: January 16, 2019

AFFIRMED

On August 29, 2018, we issued an opinion and judgment in this appeal. Appellee Jean McPherson filed a motion for rehearing, and Appellants filed a response. Having considered the motion and response, we grant the motion, withdraw our August 29, 2018 opinion and judgment, and substitute this opinion and judgment in their stead.

In a dispute over an easement across lakefront property, Appellants Judith Ann Miears and Patricia Anderson sued Appellee Jean L. McPherson for declaratory judgment, interference with

easement, private nuisance, and suit to quiet title. McPherson moved for summary judgment against all four claims based on a five-year statute of limitations and against the private nuisance claim based on a two-year statute of limitations. The trial court granted McPherson's motion against all four claims. We affirm the trial court's judgment.

## BACKGROUND

Appellants Judith Ann Miears and Patricia Anderson have owned property in the A.J. Grebey Subdivision II near the Guadalupe River for decades. They assert they are current owners of an easement across what the parties refer to as Lake Drive or Tract III, and the easement gives them access to the river. Sometime during 1998–2000, D.R. Barr, the Tract III property owner at that time, built a fence that blocked access—including Miears's and Anderson's—across Tract III.

In 2005, McPherson purchased several contiguous lots, including Tract III; by March 2006 he completed a boat dock on Tract III's waterfront. According to McPherson, after he purchased the property, he learned that Barr had not paid the property taxes, and he and the Gardens of Elm Grove Property Owner's Association (the POA) sued Barr and others over the unpaid taxes.

In April 2014, Miears and Anderson intervened; in their original petition, they sued Barr for various claims. McPherson answered as a cross-defendant and asserted he owned Tract III.

On April 7, 2016, the trial court signed an agreed order granting the POA and McPherson's motion for summary judgment against Miears and Anderson's claims for trespass to try title, invasion of privacy, trespass to real property, and intentional infliction of emotional distress.

Miears and Anderson filed a first amended petition that raised claims against McPherson for declaratory judgment, interference with easement, private nuisance, and suit to quiet title.

McPherson asserted a five-year statute of limitations defense against all four claims and a two-year statute of limitations defense against the private nuisance claim.

Without stating the basis for its decision, the trial court granted McPherson's motion in full, granted a permanent injunction against Miears and Anderson, and dismissed all their claims with prejudice. Miears and Anderson (collectively Miears) appeal.

Miears's brief presents two primary issues: whether the trial court erred in (1) proceeding with the summary judgment hearing over Miears's objections and (2) granting McPherson's motion for summary judgment. Miears's second issue consists of three subissues. We refer to Miears's issue one as her first issue, and her three subissues as issues two, three, and four.

### OBJECTION TO SUMMARY JUDGMENT EVIDENCE, HEARING

In her first and second issues, Miears complains that the trial court erred (1) by allowing the summary judgment hearing to proceed and (2) by overruling all her objections to McPherson's summary judgment evidence. We consider the evidentiary question first.

### A. Objections to Summary Judgment Evidence

We review "[a] trial court's rulings on objections to summary judgment evidence . . . under an abuse of discretion standard." *PNP Petroleum I, LP v. Taylor*, 438 S.W.3d 723, 732 (Tex. App.—San Antonio 2014, pet. denied) (citing *United Blood Servs. v. Longoria*, 938 S.W.2d 29, 31 (Tex. 1997) (per curiam)). "A trial court abuses its discretion if it acts without reference to any guiding rules or principles." *In re Estate of Denman*, 362 S.W.3d 134, 140–41 (Tex. App.—San Antonio 2011, no pet.) (citing *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004)). "The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but 'whether the court acted without reference to any guiding rules and principles.'" *Cire*, 134 S.W.3d at 838–39; *accord Estate of Denman*, 362 S.W.3d at 141. "To obtain reversal for an erroneous exclusion or admission of evidence, the appellant must establish the error was harmful, that is, it was calculated to cause and probably did

cause the rendition of an improper judgment." *PNP Petroleum*, 438 S.W.3d at 732 (quoting *Estate of Denman*, 362 S.W.3d at 141); *see also* TEX. R. APP. P. 44.1(a) (reversible error standard).

Miears objected to the admissibility of certain parts of McPherson's affidavit, but the trial court overruled Miears's objections. We consider each objection.

### 1. *Warranty Deed Not Properly Authenticated*

Miears objected to McPherson's submission of a copy of his August 17, 2005 Warranty Deed with Vendor's Lien. Miears argues that McPherson did not "provide actual evidence of the legitimacy of the deed" such as "a chain of title from its common source," the warranty deed should have been a certified copy, and McPherson did not state that he had personal knowledge of the deed. Miears cites *Langham v. Gray*, 227 S.W. 741, 744–45 (Tex. Civ. App.—Beaumont 1920, no writ), *Brownfield v. Brabson*, 231 S.W. 491, 492 (Tex. Civ. App.—Amarillo 1921, no writ), and *Dunn v. Taylor*, 143 S.W. 311, 313 (Tex. Civ. App.—San Antonio 1912), *rev'd on reh'g*, 147 S.W. 287, 287–88 (Tex. Civ. App.—San Antonio 1912), *aff'd*, 193 S.W. 663 (Tex. 1917), without explanation or individual case analysis, but each case is readily distinguishable, and none supports her argument that McPherson was required to provide a chain of title for all the tracts.

Contrary to Miears's assertions, McPherson was not required to file a certified copy of the deed. McPherson expressly averred in his affidavit that the Warranty Deed and Vendor's Lien was "a true and accurate copy of the deed to My Property," and that was sufficient authentication for the document to be admissible. *See* TEX. R. EVID. 901(b)(1); *Ford Motor Co. v. Ozuna*, No. 04-98-00957-CV, 2000 WL 4544, at *2 (Tex. App.—San Antonio Nov. 30, 1999, no pet.) (mem. op.) ("[Authentication] evidence can consist of testimony by a witness that the matter is what it claims to be."); *see also Gadekar v. Zankar*, No. 12-16-00209-CV, 2018 WL 2440393, at *5 (Tex. App.—Tyler May 31, 2018, no pet.) (mem. op.) ("Evidence may be authenticated in a number of ways, including by direct testimony from a witness with personal knowledge . . . .").

*2.     Conclusory Statements About Property Purchase*

Miears objected to McPherson's statement that he purchased the property "in an arms' length transaction for its market value" as conclusory because McPherson did not provide facts to support his conclusions. We agree.

McPherson did not provide facts to support his conclusions that the purchase was at arms' length and for market value, and the conclusory statement was not competent summary judgment evidence. *See Dolcefino v. Randolph*, 19 S.W.3d 906, 930 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) ("A conclusory statement is one that does not provide the underlying facts to support the conclusion. Conclusory statements in affidavits are not proper as summary judgment proof if there are no facts to support the conclusions."). But McPherson's conclusory statement does not affect any essential element of his affirmative defense. Any error in admitting the statement was harmless. *See* TEX. R. APP. P. 44.1(a); *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 230 (Tex. 1990) ("When erroneously admitted evidence . . . does not concern a material issue dispositive of the case, the error is harmless.").

*3.     Controverted Statements Inadmissible*

Miears objected to McPherson's statements pertaining to the appearance of the property and Miears's ongoing access to the property. She argues the statements were inadmissible because she submitted controverting statements regarding Lake Drive's (Tract III's) appearance and her ongoing access to the property.

Miears provides no authority to support the proposition that a statement in an interested witness's affidavit is *inadmissible* because it may be controverted. It is true that if summary judgment evidence controverts an interested witness's testimony on a material fact, summary judgment is not proper, *see* TEX. R. CIV. P. 166a(c), but that does not make the interested witness's affidavit inadmissible. *See Kirkwood v. Jefferson Cty.*, No. 09-16-00337-CV, 2017 WL 4319771,

at \*2 (Tex. App.—Beaumont Sept. 28, 2017, no pet.) (mem. op.) ("[W]hile the rules governing summary judgment require that testimonial evidence of an interested witness be 'clear, positive and direct, otherwise credible and free from contradictions and inconsistencies' in order for a summary judgment to be *based on* such evidence, there is no such strict requirement for testimonial evidence used to *defeat* summary judgment." (quoting TEX. R. CIV. P. 166a(c)). *See generally* TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS §§ 6.01[2], 6.03[9] (3d ed. 2018).

McPherson's affidavit was made on his personal knowledge and he set forth facts he averred were true. *See* TEX. R. CIV. P. 166a(f); *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (reiterating Rule 166a(f)'s requirements). The trial court did not abuse its discretion in overruling Miears's objections to McPherson's statements that Miears argues she controverted.

### 4. *Words Suggesting Legal Conclusions*

Miears objected to McPherson's use of the words "open," "obvious," and "apparent" to describe the improvements he made to the property. She insists the words have specific legal meanings and objected to the court considering the words as legal conclusions.

Even assuming the words were stating legal conclusions, in view of the other evidence presented on the type and nature of McPherson's improvements to the property, any error admitting the words was harmless. *See Mancorp*, 802 S.W.2d at 230 ("When erroneously admitted evidence is merely cumulative . . . , the error is harmless."); *McLaughlin, Inc. v. Northstar Drilling Techs., Inc.*, 138 S.W.3d 24, 30 (Tex. App.—San Antonio 2004, no pet.).

### 5. *Statement About Tax Payments*

Miears objected to McPherson's statement that he had paid the property taxes as conclusory and offered "without any legitimate proof."[1]

---

[1] In her pleadings, Miears acknowledged that McPherson "may be paying taxes in relation to the improvements [on the property], or the alleged fee simple ownership thereof."

In his affidavit, McPherson averred that he paid taxes on the property since he purchased it in 2005. McPherson's statement is an alleged fact based on his personal knowledge. It is "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." *See* TEX. R. CIV. P. 166a(c); *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex. 1989) ("Our summary judgment rule permits the granting of a summary judgment on the basis of uncontroverted testimonial evidence of an interested witness if that evidence 'is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.'" (quoting TEX. R. CIV. P. 166a(c)). Miears offered no controverting evidence, and there is no evidence that the statement was not credible or was contradicted or inconsistent with other evidence. *Cf.* TEX. R. CIV. P. 166a(c); *Casso*, 776 S.W.2d at 558; *Martin v. Cloth World of Tex., Inc.*, 692 S.W.2d 134, 136 (Tex. App.—Dallas 1985, writ ref'd n.r.e.).

The trial court acted within its discretion in overruling Miears's objections to McPherson's statement about tax payments.

### 6. *Tax Record Not Properly Authenticated*

Finally, Miears objected to McPherson's submission of a tax record document McPherson described as "a copy of the Guadalupe County Appraisal District CAD sheet for My Property." Miears argues McPherson did not properly authenticate the tax document. We agree.

McPherson did not testify that the sheet "is what it is claimed to be," *contra* TEX. R. EVID. 901(b)(1), or otherwise properly authenticate the exhibit, *see Estate of Guerrero*, 465 S.W.3d 693, 703 (Tex. App.—Houston [14th Dist.] 2015, pet. denied); *Llopa, Inc. v. Nagel*, 956 S.W.2d 82, 87 (Tex. App.—San Antonio 1997, pet. denied). The Guadalupe County Appraisal District tax report was inadmissible because it was not properly authenticated. *See* TEX. R. EVID. 901(b)(1); *Estate of Guerrero*, 465 S.W.3d at 703. But given McPherson's uncontroverted statement that he paid

the property taxes since he purchased the property in 2005, the trial court's error in admitting the tax document was harmless. *See Mancorp*, 802 S.W.2d at 230 (noting that admitting cumulative evidence is harmless error); *McLaughlin, Inc. v. Northstar Drilling Techs., Inc.*, 138 S.W.3d 24, 30 (Tex. App.—San Antonio 2004, no pet.) (citing *Mancorp*). We overrule Miears's second issue and turn to her complaint that the trial court erred in denying her motion for continuance.

## B.    Denied Continuance for Summary Judgment Hearing

"The granting or denial of a motion for continuance is within the sound discretion of the trial court and will not be disturbed absent a showing the trial court clearly abused that discretion." *Klager v. Worthing*, 966 S.W.2d 77, 80 (Tex. App.—San Antonio 1996, writ denied) (citing *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986)); *accord Hill v. Hill*, 460 S.W.3d 751, 761 (Tex. App.—Dallas 2015, pet. denied).

At the hearing, Miears also objected to McPherson's late-filed summary judgment evidence. The trial court sustained Miears's objection. Nevertheless, Miears asked the trial court to grant her motion for continuance to have time to rebut evidence the trial court expressly stated it had not seen and would not consider. The trial court proceeded with the hearing.[2] It granted McPherson's motion for summary judgment and found that it had not read or considered the late-filed summary judgment evidence.

On appeal, Miears argues—without citing any supporting authority—that the trial court erred by proceeding with the hearing. Miears failed to preserve her claim of error, *see* TEX. R. APP. P. 33.1(a) (error preservation), and presents nothing for appellate review, *see* TEX. R. APP. P.

---

[2] The record does not show the trial court expressly ruled on the motion for continuance, and Miears did not object to the trial court's failure to rule. *See* TEX. R. APP. P. 33.1(a); *Mitchell v. Bank of Am., N.A.*, 156 S.W.3d 622, 626 (Tex. App.—Dallas 2004, pet. denied) (error preservation).

38.1(i) (requiring arguments to be supported by authorities); *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010) (briefing waiver). We overrule Miears's first issue.

**FIVE-YEAR LIMITATIONS DEFENSE**

In her third issue, Miears argues the five-year adverse possession statute of limitations does not apply and the trial court erred in granting McPherson's motion for summary judgment.

### A.      Standard of Review

We review a summary judgment de novo. *See Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 833 (Tex. 2018) (per curiam); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). "[W]e take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Knott*, 128 S.W.3d at 215; *accord Pasko*, 544 S.W.3d at 833. If "the trial court's order does not specify the grounds for its summary judgment, we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 587 (Tex. 2015) (quoting *Knott*, 128 S.W.3d at 216).

"A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense." *KPMG Peat Marwick v. Harrison Cty. Housing Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *accord Pasko*, 544 S.W.3d at 833; *see* TEX. R. CIV. P. 166a(c). If the defendant conclusively proves each element of its defense, the defendant is entitled to summary judgment. *See* TEX. R. CIV. P. 166a(c); *Pasko*, 544 S.W.3d at 833–34; *Stanfield v. Neubaum*, 494 S.W.3d 90, 96 (Tex. 2016).

### B.      Five-Year Adverse Possession Statute of Limitations

Miears argues on appeal, inter alia, that McPherson was not entitled to summary judgment because he failed to conclusively establish all the essential elements of his five-year statute of limitations affirmative defense. In McPherson's motion for summary judgment he argued that the

five-year limitations period for adverse possession bars each of Miears's claims, the summary judgment evidence conclusively establishes each element, and he was entitled to judgment as a matter of law. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.025 (West 2002). Before we discuss the issue, we recite the relevant statute.

1. *Adverse Possession: Five-Year Limitations Period*

(a) A person must bring suit not later than five years after the day the cause of action accrues to recover real property held in peaceable and adverse possession by another who:
(1) cultivates, uses, or enjoys the property;
(2) pays applicable taxes on the property; and
(3) claims the property under a duly registered deed.

(b) This section does not apply to a claim based on a forged deed or a deed executed under a forged power of attorney.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.025. *See generally Gulf, C. & S.F. Ry. Co. v. Candler*, 61 S.W.2d 997, 998 (Tex. Comm'n App. 1933, judgm't affirmed) ("The right to an easement may be lost by limitations the same as a title in fee.").

2. *Claim to Property Under Deed*

To be entitled to summary judgment on his five-year statute of limitations defense, McPherson had to conclusively prove each essential element. *See* TEX. R. CIV. P. 94 (affirmative defenses); *KPMG Peat Marwick*, 988 S.W.2d at 748. One of the essential elements is to "claim[] the property under a duly registered deed." TEX. CIV. PRAC. & REM. CODE ANN. § 16.025(a)(3); *Nat. Gas Pipeline Co. of Am. v. Pool*, 124 S.W.3d 188, 193 (Tex. 2003).

For summary judgment purposes, McPherson's deed is conclusive proof that he "claims the property under a duly registered deed," but the deed does not grant him ownership of the easement he claims to have adversely possessed. Nevertheless, under supreme court precedent, McPherson's adverse possession of the easement required Miears to bring suit within five years.

### 3.    *Adverse Possession of Easement*

In *City of Galveston v. Williams*, the supreme court recognized that the right to an easement may be "lost by the failure to bring suit within five years" where the servient estate has been adversely possessed by the land owner.  *See City of Galveston v. Williams*, 6 S.W. 860, 862 (Tex. 1888). In *Williams*, Lawther owned Outlot No. 114, which "was bounded on the east by Twenty-ninth street, on the west by Thirty-first street, on the north by Avenue Q, and on the south by Avenue R.  No streets were laid off across it; but Thirtieth street, if prolonged sufficiently far directly south, would have extended through it."  Lawther owned the north half of Outlot No. 114, and he sold lots 6 and 7, in the northwest corner, to Hatch.  Hatch's lots did not include any portion of Outlot No. 114 that was along the contemplated extension of 30th Street.  "At the date of Lawther's deed to Hatch, that portion of the outlot which would be embraced in the prolongation of Thirtieth street was within the former's inclosure, and was occupied by his stables, horse-lot, and gardens."  *Id.* at 861.

Later, Lawther sold to Williams the portion of Outlot No. 114 that "embraces the portion of the lot now claimed to be Thirtieth street, which portion [was] the subject-matter in controversy in [the Williams] suit."  *Id.*  When Williams purchased the property, "Lawther's inclosure and improvements remained upon the lot, completely obstructing it for the purposes of a street."  *Id.* Williams, and later his widow, "continued to occupy it, maintaining such inclosure and obstructions, and paying all tax on the same, up to the date of the trial."  *Id.*

Coryell, a private party, succeeded to the Hatch property, and Coryell intervened "to establish an easement in the property appurtenant to the lot claimed by him under the conveyance from Lawther to Hatch." *Id.* The court opined on the question:

> It may be that the language in the deed from Lawther to Hatch was sufficient to invest the grantor, and those holding under him, with an easement in the property in controversy; but, if so, the right has been lost by the failure to bring suit within five years from the date of the registration of the deed from Lawther to Williams.

*Id.* at 861–62. The court explained its reasoning.

> [T]he sale and conveyance by warranty deed of Lawther to Williams of the parcel of land which embraced within its boundaries the proposed street, and the occupancy by the latter of the strip in controversy, with the improvements which obstructed the way, were acts unequivocally hostile to the easement claimed by the owner of the dominant estate, and made the possession adverse, according to the definition contained in our statutes.

*Id.* at 862. The court concluded that because Williams, the servient estate owner, had paid taxes on the servient estate and had adversely possessed the easement, Coryell lost his right to the easement "by the failure to bring suit within five years from the date of the registration of the deed from Lawther to Williams." *Id.* at 861–62.

*Williams* is mandatory authority, but Miears argues it is inapt because it addresses the City's claim of a dedication to the public, which it does. *E.g.*, *id.* at 861. But *Williams* also addresses a private party's right in an easement, and that portion of the decision is dispositive here.

### 4. Summary Judgment Proper

McPherson's summary judgment evidence conclusively establishes several crucial facts: (1) McPherson owns the land, including Tract III—albeit burdened by an easement—under a duly registered deed; (2) McPherson paid taxes on the land; and (3) McPherson maintaining the fences that barricaded Tract III and building a boat house and making other permanent improvements on Tract III was "an actual and visible appropriation of real property, commenced and continued under a claim of right that [was] inconsistent with and [was] hostile to [Miears's] claim." *See* TEX.

- 12 -

CIV. PRAC. & REM. CODE ANN. § 16.021; *Tran v. Macha*, 213 S.W.3d 913, 914 (Tex. 2006) (per curiam); *Williams*, 6 S.W. at 861–62.

Thus, under *Williams*, the trial court could have properly granted summary judgment for McPherson against all of Miears's claims based on McPherson's five-year adverse possession limitations defense. *See Williams*, 6 S.W. at 861–62; *see also* TEX. R. CIV. P. 166a(c); *Pasko*, 544 S.W.3d at 833–34; *Stanfield*, 494 S.W.3d at 96. We overrule Miears's third issue.

### PRIVATE NUISANCE TWO-YEAR LIMITATIONS

Miears also argued the trial court could not have properly granted McPherson's motion for summary judgment against Miears's private nuisance claim under the two-year limitations statute. Because the trial court did not specify the ground on which it granted summary judgment against Miears's private nuisance claim, and the five-year limitations ground was proper, we must affirm the summary judgment against Miears's private nuisance claim. *See FM Properties Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000) ("When a trial court's order granting summary judgment does not specify the grounds relied upon, the reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious."). We overrule Miears's fourth issue.

### CONCLUSION

The trial court did not abuse its discretion by overruling Miears's objections to some of McPherson's summary judgment evidence or by allowing the summary judgment hearing to proceed. Further, McPherson conclusively proved each element of his affirmative defense of limitations against all of Miears's claims. Thus, McPherson was entitled to judgment as a matter of law. Having overruled each of Miears's issues, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice