JOSEPH MATHERS & another[1] vs. MIDLAND-ROSS CORPORATION
& others.[2]

Hampshire. December 7, 1988. — January 5, 1989.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Negligence*, Manufacturer. *Evidence*, Identity of manufacturer. *Practice, Civil*, Summary judgment.

In a products liability case in which the plaintiff alleged that he was injured by a certain "slitter-rewinder" machine, summary judgment was properly ordered in favor of the defendant, a manufacturer of such machines, where the plaintiff did not offer any facts which showed that the defendant had manufactured the machine in question. [690-691]

CIVIL ACTION commenced in the Superior Court Department on January 16, 1986.

A motion by the defendant Midland-Ross Corporation for summary judgment was heard by *Charles R. Alberti*, J., and entry of a separate and final judgment was ordered by *William W. Simons*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Thomas A. Miranda* for the plaintiffs.

*Frederick S. Pillsbury* for Midland-Ross Corporation.

ABRAMS, J. The plaintiffs appeal from summary judgment for the defendant Midland-Ross Corporation (Midland) ordered by a judge in the Superior Court. The plaintiff Joseph Mathers'

---

[1] Luanne Mathers.

[2] J.P. Stevens & Co., Inc., Liberty Mutual Insurance Company, and "other unknown Defendants" who distributed, maintained or sold the machine at issue in the case, and "other unknown persons who had a duty to warn the plaintiff" of the dangers inherent in the machine.

claims are based on product liability theories.[3] The plaintiffs allege in their unverified complaint that the "MIDLAND ROSS CORPORATION . . . is the manufacturer of the machine which injured Joseph Mathers." The defendant denies it manufactured the machine on which the injury occurred. After the allowance of Midland's motion for summary judgment, and entry of a judgment for Midland, the plaintiffs appealed. We transferred the case on our own motion. We affirm.

The plaintiffs allege that, on August 22, 1985, Mathers was working on a machine called a slitter-rewinder. The machine cuts and winds various types of material. Mathers worked at a slitter-rewinder which processed sheets of roofing material. During the course of its operation, the machine stopped before the entire reel of material placed on it had been processed. Mathers began taping the roofing material onto the machine so that the rewind process could start again. While Mathers was still near the slitter-rewinder, his supervisor started the machine. Mathers' right arm was drawn into the machine and was crushed up to his shoulder.

In support of its motion for summary judgment, Midland introduced the affidavit testimony of Birger Holmboe, a field service engineer for Midland who had inspected the machine for Midland in connection with another lawsuit. Holmboe attested to the following facts. Midland is not the only manufacturer of slitter-rewinders and their component parts.[4] There was no indication that any parts of the slitter-rewinder which injured Mathers were produced by Midland. The front and rear lower-side and top-side frames, lower tie bars, sleeve shaft, and parts for precision levers, which were of the type produced by Midland and others, had no serial numbers to identify the

---

[3] Luanne Mathers claims damages for loss of consortium and for negligent infliction of emotional distress. Luanne Mathers admits that her claims against Midland remain only if Joseph Mathers' product liability claims withstand a motion for summary judgment.

[4] The slitter-rewinder sold by Midland is called Cameron Series 26. The same machine and its parts are manufactured, assembled, and sold by other manufacturers and are called "Cameron Type" machines and parts.

manufacturer.[5] Further, Holmboe attested that "[t]he rewind mechanism and parts thereof which were mounted on the . . . frame on the machine which I inspected were not designed or made by the Midland-Ross Division and constituted a radical departure from the standard . . . design mechanism" of the Midland slitter-rewinder. In support of its motion, Midland also introduced Mathers' answer to Midland's interrogatory about the facts upon which he based his allegation that Midland had a duty to warn of the dangers inherent in the machine in question. Mathers answered, "Midland Ross manufactured the machine *or was one of a very few manufacturers of this type of machine*" (emphasis supplied).

In moving for summary judgment, Midland had "the burden of affirmatively demonstrating that there is no genuine issue of fact on every relevant issue raised by the pleadings." *Attorney Gen.* v. *Bailey*, 386 Mass. 367, 371, cert. denied, 459 U.S. 970 (1982), quoting *Mack* v. *Cape Elizabeth School Bd.*, 553 F.2d 720, 722 (1st Cir. 1977). Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974). Midland met its burden by demonstrating that other companies manufactured slitter-rewinders and their component parts and that the rewind mechanism on the machine at issue was not manufactured by Midland but constituted a radical departure from Midland's standard design mechanism.

Once Midland met its burden, "the burden shifted to the plaintiff[s] to show with admissible evidence the existence of a dispute as to material facts." *Godbout* v. *Cousens*, 396 Mass. 254, 261 (1985). Mass. R. Civ. P. 56 (e), 365 Mass. 824 (1974).[6] In response to Midland's motion for summary judgment, the plaintiffs did not offer any facts which would show

---

[5] These parts are "Cameron Type" parts, see note 4, *supra*, but there is no indication in the record that they are actually Cameron parts, produced by Midland.

[6] "[I]f the movant makes out a prima facie case that would entitle him to a directed verdict if uncontroverted at trial, summary judgment will be granted unless the party opposing the motion offers some competent evidence . . . showing that there is a genuine issue as to a material fact." 10A C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2727, at 143 (2d ed. 1983).

or at least raise a factual issue whether Midland manufactured the machine.[7] The plaintiffs merely allege in their unverified complaint that Midland manufactured the machine. "Allegations in an unverified pleading are not accorded any evidentiary weight in determining whether there exists a genuine issue of material fact under rule 56 (c). . . . Because the defendants met their burden of showing no disputed issues and entitlement to judgment, the plaintiff[s'] failure to make the responsive showing is fatal." (Citation omitted.) *Godbout* v. *Cousens, supra* at 263.

The plaintiffs argue that, even if Midland had not manufactured the machine, it should be held liable because it had inspected the machine several years earlier in connection with another lawsuit, and because it issues instructions concerning the use of this kind of machine. There is no merit to this argument. An inspection in the course of the defense of a lawsuit did not impose any duty on Midland or prove that Midland, because it inspected the machine, voluntarily assumed the duty of providing inspectional services for the machine.

A plaintiff who sues a particular manufacturer for product liability generally must be able to prove that the item which it is claimed caused the injury can be traced to that specific manufacturer. See *Smith* v. *Ariens Co.*, 375 Mass. 620, 623 (1978); *Carrier* v. *Riddell, Inc.*, 721 F.2d 867, 869-870 (1st Cir. 1983); 1A Frumer & Friedman, Products Liability § 2.25 [1] [e], at 2-1305 (1987). Cf. *Payton* v. *Abbott Labs.*, 386 Mass. 540, 574 (1982). In the absence of any facts tending to show that Midland manufactured the machine,[8] there was no error in allowing Midland's motion for summary judgment.

*Judgment affirmed.*

---

[7] In opposition to Midland's motion for summary judgment, the plaintiffs introduced several purchase and sale orders indicating that Midland or its subsidiary had sold parts of a slitter-rewinder to Mathers' employer. However, the parties agree that these documents are not part of the record "as they may not be relevant to the machine in question."

[8] At oral argument, the plaintiffs' counsel stated that there was no proof that Midland had manufactured the machine in question.