Coven, J.
This is an action to recover damages for the negligence and breach of fiduciary duty of defendant Elizabeth W. Grover, the plaintiff’s paternal aunt and custodian of the plaintiff’s property under G.L.c. 201A, the Massachusetts Uniform Transfers to Minors Act (“UTMA”). The plaintiff alleged that the defendant sold the plaintiff’s G.L.c. 201A property and distributed the proceeds to a third party without the plaintiff’s knowledge or consent. Both the plaintiff and third-party *123 defendant Middlesex Savings Bank (“the Bank”) filed Dist/Mun. Cts. R. Civ. R, Rule 56 motions for summary judgment, which were granted by the trial court. The defendant now appeals the allowance of those motions.
It is undisputed that the defendant served as custodian for shares of stock which had been placed in the plaintiffs name during her minority pursuant to the UTMA, G.L.c. 201A, §1 et. seq. The parties also agree that in February, 1992, just prior to the plaintiffs eighteenth birthday, the defendant sold the majority of the plaintiffs stock, received a check for the proceeds in the amount of $21,018.13, endorsed the check “For Deposit Only” and delivered the check to third-party defendant Thomas J. Grover (“Grover”), the plaintiffs father and the defendant’s brother. It is equally clear that Grover used the $21,018.13 solely for his personal benefit.
The plaintiffs complaint, motion for summary judgment and two supporting affidavits indicate that the defendant sold the plaintiffs stock without notifying the plaintiff or obtaining her approval, and that the proceeds of the stock sale were never given to the plaintiff or used in any way for her benefit. The plaintiff averred that after her parents’ divorce in 1982, she lived with her mother who cared for and financially supported her, and that she had a “very strained relationship” with her father who was not her guardian.[2] The plaintiff further averred that her aunt, the defendant, was well aware of this situation and should not have given Grover the check in question.
The defendant did not file an affidavit in opposition to the plaintiff’s Rule 56 motion, but instead relied primarily on the unsworn allegations of her answer and third-party complaint. The defendant claimed that four months prior to the plaintiff’s eighteenth birthday, Grover requested that the plaintiff’s property be turned over to him so that he could place it in a custodial account in his name to use for his daughter’s college education. The defendant further alleged that, acceding to her brother’s wishes, she sold the stock, restrictively endorsed the check for the proceeds, and delivered the same to Grover who thereafter cashed the check and did not use the money for the plaintiffs education.
1. The evidentiary materials submitted by the plaintiff were sufficient to satisfy her burden, as the Rule 56 moving party, of affirmatively demonstrating that there was no genuine issue of material fact herein and that she was entitled to judgment as a matter of law on her claims for the defendant’s negligence and breach of fiduciary duty. Dist./Mun. Cts. R. Civ. R, Rule 56(c). See generally, Massachusetts Hospital Assoc., Inc. v. Department of Public Welfare, 419 Mass. 644, 649 (1995); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983).
As custodian of the plaintiff’s property under the Massachusetts UTMA, the defendant was liable for any breach of the duties imposed upon her by §12 of the Act. G.L.c. 201A, §13. These included the general duty to “observe the standard of care that would be observed by a prudent person dealing with the property of another,” G.L.c. 201A, §12 (b), and the obligation to “keep custodial property in a manner sufficient to identity it clearly as custodial property of the minor.” G.L.c. 201A, §12 (d). With respect to use of the custodial property, the defendant was only authorized to “deliver or pay to the minor or expend for the minor’s benefit so much of the custodial property as the custodian considers advisable for the use *124 and benefit of the minor... [emphasis supplied].” G.L.c. 201A, §14(a).
The defendant did not do either. Instead of delivering the stock proceeds to the plaintiff, or utilizing them to obtain or make direct payment for a benefit for the plaintiff, the defendant merely gave a check for almost the full value of the plaintiff’s property to Grover who was neither the plaintiffs guardian, nor or on good terms with her. The defendant released almost all of the plaintiffs property upon Grover’s mere verbal request, without any effort to designate Grover as a successor custodian in accordance with the procedures outlined in G.L.c. 201A, §18, to obtain any written acknowledgment from Grover that he held the plaintiffs property for her benefit, or even to apprise the plaintiff whose interests the defendant was statutorily bound to protect. See generally, Fogelin v. Nordbloom, 402 Mass. 218, 225 (1988). In consequence of the defendant’s action, the plaintiff lost any use of, or benefit from, the custodial property.
2. Given the sufficiency of the plaintiff’s Rule 56 materials to establish the defendant’s negligence and breach of duty, the burden shifted to the defendant to marshal specific facts indicative of a triable issue on the merits of the plaintiff’s claims. Mathers v. Mid-land, Ross Corp., 403 Mass. 688, 690 (1989). The defendant failed, however, to introduce any probative material in opposition to the plaintiff’s summary judgment motion. Allegations contained in the defendant’s unverified answer and third-party complaint were devoid of evidentiary significance for Rule 56 purposes, and could not be used either to raise issues of fact or to refute the plaintiff’s factual averments. Id. at 691; Watros v. Greater Lynn Mental Health & Retardation Assoc., 37 Mass. App. Ct. 657, 666 (1994). The plaintiff’s answers to interrogatories and admissions on file, upon which the defendant relied, were useful only in detailing specific amounts of money spent by Grover on his daughter during her minority and contained nothing pertinent to the question of the defendant’s prudent conduct as custodian. None of the purportedly material issues of fact argued by the defendant in her memorandum of law are predicated on any evidence in the record,[3] and there is no corroboration of even the defendant’s principal contention that she gave the check to Grover for the plaintiff’s education. Given the defendant’s failure to advance any facts controverting the plaintiff’s well-pleaded Rule 56 motion, summary judgment was properly entered for the plaintiff.
3. There was also no error in the trial court’s allowance of the Bank’s motion for summary judgment. The defendant’s third-party claim against the Bank alleged *125 that the Bank cashed the check and gave the proceeds to Grover in disregard of the “For Deposit Only” endorsement. However, the uncontroverted evidence introduced by the Bank, including the affidavit of its executive vice president, established that the Bank did not cash the check, but instead accepted it for deposit into and credited Grover’s account in compliance with the endorsement.
The trial court’s summary judgment for the plaintiff and for third-party defendant Middlesex Savings Bank is hereby affirmed. The defendant’s appeal is dismissed.

In her affidavit and in response to the defendant’s requests for admissions, the plaintiff provided an accounting of the total money spent on her by her father during her minority. The list consisted of payments for most of the plaintiff’s clothing, the grain and board bill for her horse on two specific occasions, three weeks of summer camp one year, $750.00 for a car, five to ten dollars in pocket money on an average of once or twice a month when the plaintiff was between the ages of 15 and 20, and a $50.00 department store gift certificate for the plaintiff’s twentieth birthday

 The defendant argues, for example, that a genuine issue of fact exists as to whether the plaintiff received the stock as an irrevocable gift from her paternal grandparents, as the plaintiff averred, or whether the stock was originally owned by Grover and placed in the plaintiff’s name only to avoid creditors and with the intention that the property would eventually be returned to Grover. There is nothing in the record to support the latter proposition. Moreover, the issue is immaterial. The defendant admitted in her answer that shares of stock were issued to the plaintiff pursuant to G.L.c. 201A, and that the defendant served as custodian of such property for the plaintiff. Section 11(b) of G.L.c. 201A states: “A transfer [under the statute] is irrevocable and the custodial property is indefeasibly vested in the minor... [emphasis supplied].”
Equally irrelevant is the purported question of fact argued by the defendant as to whether her actions could be deemed prudent as a proper transfer of custodianship to Grover. As noted, however, the defendant failed to introduce any evidence that she complied with G.L.c. 201A, §18 to effect such a transfer. The statute requires a custodian to issue written notice of resignation to both the minor (if 14 years of age or older) and to the successor custodian, and to execute a written, dated instrument naming the new, successor custodian. Clearly, the defendant’s mere endorsement of the check in question did not constitute a proper designation of Grover as a successor custodian pursuant to §18.