Botsford, J.
This matter is before the court on motions for summary judgment of the defendants Easco Aluminum Corp. (“Easco”), Georgia Pacific Corporation and Butler Paper Co. (“Butler”).[3] The plaintiff Estuardo Guerra alleges that the defendants supplied his employer, American Window Corp. (“American”), with defective aluminum strapping. The strapping broke, causing a large bundle of aluminum to fall on Guerra, an event which resulted in substantial injuries to him. Guerra asserts claims of (1) negligence; (2) *491 breach of the implied warranty of merchantability; (3) breach of the implied warranty of fitness for a particular purpose; and (4) violation of G.L.c. 93A. Guerra’s wife, Isis, asserts a separate claim for loss of consortium. All defendants have moved for summary judgment on all counts. For the following reasons, the defendants’ motions are ALLOWED in part and DENIED in part.

FACTUAL BACKGROUND

The following facts are undisputed for the purposes of this motion. On May 27, 1993, Guerra was working at American Window helping to guide aluminum bundles that were being lifted by means of a boom, chain, and hook assembly with a forklift. On üiat day, Carlos Mendez, Guerra’s coworker, affixed two hooks on two separate aluminum straps that bound a particular bundle of aluminum weighing between 500 and 1000 pounds. Mendez then placed a boom mechanism, to which the chains and hooks were attached, across the forks of a forklift, and then proceeded to lift the bundle. Guerra was in the vicinity of the bundle when one of the aluminum straps broke, and consequently the bundle fell on Guerra causing substantial injuries.[4]
The broken aluminum strap and associated fastening seals at the center of this case were manufactured by Acme Packaging Corp. (“Acme”), which is not a party. Although the specific strap that broke was not recovered after the accident, the parties agree that it was of the type that Acme sold to Butler, a reseller and distributor of office supplies at the time of the accident and a corporate subsidiary of Georgia Pacific. Butler supplied this same type of strap to Easco, which used them to assemble and package bundles of aluminum. Easco sold a bundle of aluminum with Acme straps and associated fastening of the type involved in the accident to American Window.
It appears that in its product brochure, Acme had warned purchasers of its products, including Butler, not to use such strapping and fasteners for lifting purposes.[5] However, no such warning ever reached either Easco or American Window.

DISCUSSION

I conclude that there are substantial issues of disputed material facts that preclude summary judgment on all counts except on the claim for the breach of an implied warranty of fitness for a particular purpose.
Negligence (Count I)
Guerra alleges both negligent product design and negligent failure to warn. There is a general duty to design products with reasonable care to protect against foreseeable risks to foreseeable users. Uloth v. City Tank Corp., 376 Mass. 874, 878 (1978); Back v. Wickes, 375 Mass. 633, 640 (1978). Whether a risk is one that was reasonably foreseeable and should have been either warned against or made safe by design is almost always a question for the trier of fact. See Fahey v. Rockwell Graphic Co., 20 Mass.App.Ct. 642, 649 n. 11 (1985). A supplier of goods has a duty to make safe or warn foreseeable users of risks associated with such goods if the seller knows or has reason to know of such risks. G.L.c. 106, §2-318; Restatement (Second) of Torts, §§388-91 (1957).
The defendants argue that they are relieved of liability for negligence here because they are the suppliers of a non-defective component part. See Mitchell v. Sky Climber, Inc., 396 Mass. 629, 631 (1986); Murray v. Goodrich Engineering Corp., Inc., 30 Mass.App.Ct. 918 (1991). There is no merit to this argument. The limitation on legal duty for suppliers of component parts which is discussed in the Mitchell and Murray cases is not applicable here. First, unlike the products in either Mitchell (lift motors linked to scaffolding equipment) or Murray (oven as part of integrated paper manufacturing system), the strapping here cannot be logically seen as a "component” part of another product. Rather, it is a separate product from the aluminum bundle that it surrounds; a product does not qualify as a component of something else simply by its presence — by the fact that it touches the other thing. Second, even if one were to assume for argument that the strapping and fastening could be viewed as a “component part,” there is a dispute of fact as to whether this product was inherently defective, in contrast with the two cited cases. In particular, Guerra has offered proposed expert testimony that would tend to show there are other ways to design the strapping without a “notched seal” so that it would be safer in supporting weight.[6]
To the extent that the negligence count alleges a breach of a duty to warn, the defendants argue there is no duty to warn of open and obvious dangers, including the danger posed by using the strapping here to hoist aluminum bales. The defendants’ reliance on Bavuso v. Caterpillar Industrial, Inc., 408 Mass. 694, 699 (1990), is misplaced. Although Bavuso reinforces the rule that there is no duty to warn “where the danger presented by a given product is obvious,” id. (quotation omitted), that case makes clear that the rationale behind such a rule is that a warning would not reduce the likelihood of injury. See id. citing Colter v. Barber-Greene Co., 403 Mass. 50, 59 (1988); Slate v. Bethlehem Steel Corp., 400 Mass. 378, 382 (1987); Maldonado v. Thomson Nat’l Press Co., 16 Mass.App.Ct. 911, 912-13 (1983). In Bavuso, the court held that it was error to deny the defendant manufacturer’s motion for judgment notwithstanding the verdict where the “defect” alleged by the plaintiff was a failure to warn of the danger of lifting a bale of cardboard on a forklift over the head of the forklift operator, where the overhead protection had been removed from the forklift. Bavuso, 408 Mass. at 695. Such danger, the court concluded, was open and obvious as a matter of law. Id. at 702. Significant in the court's reasoning was the fact that the plaintiff *492 forklift operator was experienced, “no less knowledgeable than the defendant about the danger inherent in using the forklift as he did.” Id. at 701-02.
Unlike Bavuso, the danger posed by using the strapping here was not clearly open and obvious to preclude recovery on this count as a matter of law. Not only is the danger less inherently apparent, but there was also no modification of safety features that would raise the level of perceptibility of any danger posed by the strapping. Furthermore, it is at best disputed as to what level of experience Guerra had in guiding the aluminum bales, in contrast to the plaintiff in Bavuso whose prior experience with forklifts played a substantial role in the court’s determination. Accordingly, I conclude that one cannot say as matter of law Guerra’s claim is barred because the danger was open and obvious.
Breach of Implied Warranty of Merchantability (Count II)
As with his negligence count, Guerra’ s claim of breach of the implied warranty of merchantability is cast in terms of an alleged design defect and an alleged failure to warn. The same disputed material facts that preclude summary judgment on the negligence count also have a bearing on this implied warranty claim.
The merchant seller of goods warrants that they are fit for the ordinary purposes for which such goods are used. G.L.c. 106, 2-314(2)(c); Back v. Wickes, 375 Mass. 633, 640 (1978). Ordinary uses of a product include both intended uses and foreseeable uses, id., as well as foreseeable misuses. See, e.g., Galvin v. Welsh Mfg. Co., 382 Mass. 340, 344 (1981). In that Guerra has offered evidence of safer alternative designs, he has done enough to permit the breach of warranty of merchantability claim on a design defect theory to go to the jury. See Back v. Wickes, supra, citing Barker v. Lull Eng. Co., 573 P.2d 443, 445 (1978) (discussing factors that can be applied by a jury in determining whether a product is fit for its ordinary purposes).
To the extent that Guerra claims a breach of the warranty on the basis of a failure to warn, this claim, too, is entitled to be tried. Easco and Butler may be held liable under such a theory if they failed to warn about risks that were reasonably foreseeable.
Breach of Implied Warranty of Fitness for Particular Purpose (Count III)
An implied warranty of fitness for a particular purpose exists where the seller has reason to know of any particular purpose for which the goods are required and where the buyer is relying on the seller’s skill or judgment to select suitable goods. G.L.c. 106, §2-315. See, e.g., Fernandes v. Union Bookbinding Co., Inc., 400 Mass. 27, 33-36 (1987). This is to be distinguished from the test to determine whether a claim may be stated for a breach of the implied warranty of merchantability, which focuses on the ordinary uses for which a product is used. G.L.c. 106, §2-316(2)(c). Summary judgment is appropriate on the implied warranty of fitness count here because there is no genuine dispute of material fact that: (1) neither Easco nor Butler knew or had any reason to know that American (or Guerra) had the particular purpose of using the strapping to lift the aluminum bundles; (2) neither Easco nor Butler had reason to know of American’s reliance on their skill or judgment in selecting strapping suitable for lifting those bundles; and (3) American (and Guerra) did not actually rely on Easco’s or Butler’s skill or judgment to select the strapping for the particular purpose of lifting aluminum bundles. See Fernandes, supra, 400 Mass. at 34 (discussing the three elements necessary to establish that a warranty of fitness for a particular purpose existed). See also Hannon v. Original Gunite Aquatech Pools, Inc., 385 Mass. 813, 821 (1982).
It is possible that Guerra could prevail under the breach of warranty of merchantability count on the theory that the strapping was ordinarily used to lift aluminum bundles in the fashion that was done in the accident at issue, or that use of the strapping in such a way was a foreseeable misuse. Either of these propositions is distinctly separate from a theory that either supplier specifically knew or had reason to know that American used the straps for just that purpose, and that American relied on the supplier’s expertise in selecting the straps. See G.L.c. 106, §2-315, comment 2. Guerra has not offered any evidence to create a dispute of material fact as to any component of the warranty of fitness particular purpose claim. For these reasons, the motions for summary judgment of Easco and Butler as to this count must be allowed.

Remaining Counts

The two remaining counts of the complaint allege a violation of G.L.c. 93A, and, on behalf of Isis Guerra, loss of consortium. In light of my determination that the breach of implied warranty of merchantability claim remains, the c. 93A claim should remain as well, since breach of this implied warranty may also be a violation of c. 93A. See, Maillet v. ATF-Davidson Co., Inc., 407 Mass. 185, 190-94 (1990). See also Vassallo v. Baxter Health Care, 428 Mass. 1, 23 (1999). With respect to the loss of consortium claim, it too must remain since Guerra’s negligence claim survives.

ORDER

For the foregoing reasons, the defendants’ motions for summary judgment are allowed as to Count III of the complaint, alleging a breach of an implied warranty of fitness for a particular purpose. In all other respects, the defendants’ motions are denied.

Georgia Pacific Corporation is the parent of Butler, and is a defendant in this case in that capacity. The two defendants are referred to collectively as Butler.

It is an issue of disputed fact exactly where Guerra was standing at the time of the accident.

The brochure, expressly incorporating language from ASTM standards, states: “5.5. Never use strapping as a means of pulling or lifting packages on unit loads, unless specified by strapping supplier.”

Butler may be suggesting that no evidence of a defect has or can be offered because Guerra does not offer the specific strap that was involved with the accident. This is a position that deserves rejection. See Kalivas v. A.J. Felz Co., 15 Mass.App.Ct. 482, 487 (1983) (design defect theory presented case for the jury by offering photographs in lieu of actual product, which was missing). Butler also argues that neither Butler nor Easco was informed that the strapping was to be used for lifting purposes, and that this was an unforeseeable misuse of the product. I disagree. At the least, it is a jury question whether use of the aluminum strapping to lift was unforeseeable.