Agnes, Peter W., J.
The plaintiff, Betty Rivera, has brought this action against defendant UMass Memorial Health Care, Inc. (“UMHC”), arising out of a stabbing attack that occurred on UMHC’s premises. Rivera alleges that UMHC negligently failed to provide adequate security for her personal safely, which was the direct and proximate cause of her injuries. UMHC now moves for partial summary judgment to limit its potential liability to the statutory cap of $20,000 for charitable organizations, pursuant to G.L.c. 231, §85K. For the following reasons, UMHC’s motion for partial summary judgment is ALLOWED.

BACKGROUND

The essential facts are not in dispute. On the date in question, the plaintiff was a receptionist for Memorial Home Health Care (“Home Health”), a department of UMHC. On May 28, 1997, the plaintiffs ex-boyfriend Robert Perez (“Perez”) called her repeatedly at Home Health. The plaintiff claims that she told the director of Home Health of the phone calls and asked him to lock the door to the reception area, which he did not do. At 1:20 p.m., Perez entered the office, in a drunken rage, and stabbed the plaintiff several times in the arms and stomach until a nurse intervened and managed to hold him down until police arrived.
The plaintiff contends that UMHC had a contractual duty to provide her with a safe working environment and failed to do so. Further, the plaintiff argues that UMHC fails to meet its burden to establish that it and Home Health are charities for purposes of the statute, and that the tort committed occurred during an activity in direct furtherance of the organization’s charitable purpose.

DISCUSSION

Summary judgment is properly granted where there is no genuine issue of material fact, and the moving parly is entitled to judgment as a matter of law. MassR.Civ.P. 56(c); Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995); Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983); Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving parly bears the burden of demonstrating affirmatively the absence of a triable issue and entitlement to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17(1989). This burden may be met by demonstrating that the opposing party has no reasonable expec *58 tation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
“If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege facts which would establish the existence of a genuine issue of material fact in order to defeat [the motion].” Pederson, 404 Mass. at 17. In reviewing the summary judgment record, this Court “must read the record in the manner most gratifying to the party opposing summary judgment, indulging all reasonable inferences in that party’s favor.” Newport Plaza Assoc. v. Durfee Attleboro Bank, 985 F.2d 640, 643 (1st Cir. 1993). As the party moving for summary judgment, the defendant has “the burden of affirmatively demonstrating that there is no genuine issue of fact on every relevant issue raised by the pleadings.” Mathers v. Midland-Ross Corp., 403 Mass. 688, 690 (1989), quoting Attorney Gen. v. Bailey, 386 Mass. 367, 371, cert. denied, 459 U.S. 970 (1982).
Under G.L.c. 231, §85K, tort liability of a charitable organization is capped at $20,000, unless the organization’s activities are “primarily commercial in character.” See Ayash v. Dana-Farber Cancer Inst., 433 Mass. 367, 391 (2005). The burden rests with the party relying on the charitable immunity cap to establish (1) that it is a charity, and (2) that any injury that it may be responsible for under principles of tort law occurred in the course of an activity designed to accomplish in a direct manner its charitable purposes. See Conners v. Northeast Hospital Corp., 439 Mass. 469 (2003). Hospitals are quintessentially the types of organizations that the legislature intended to benefit from the operation of the charitable immunity cap law. Conners, supra at 473 (citations omitted). As the court observed:
An institution will be classed as charitable if the dominant purpose of its work is for the public good and the work done for its members is but the means adopted for this purpose. But if the dominant purpose of its work is to benefit its members or a limited class of persons it will not be so classed, even though the public will derive an incidental benefit from such work.
Id. at 474 (citations and quotations omitted). In Connors, supra, moreover, the Supreme Judicial Court again considered the policy arguments that have been advanced over the years about the wisdom and fairness of the charitable immunity cap in Massachusetts and acknowledged that it was being asked to revise the doctrine and the application of G.L.c. 231, §85K to hospitals. Id. at 476-77. However, the Supreme Judicial Court concluded that such an argument “is more appropriately addressed to the Legislature.” Id. at 477. Under the analysis employed in Connors, supra, and required to be followed by this court, neither the size of an organization such as a hospital nor simply the revenue-generating nature of the activity in question detracts from the organization’s charitable status under G.L.c. 231, §85K. Id. “There is . . . no requirement that a hospital provide free care to retain its charitable status.” Id. at 475.
In a case such as this, the hospital has the burden of showing that it is a charitable organization under G.L.c. 231, §85K, and that the tort committed occurred in the course of the hospital’s charitable purpose. G.L.c. 231, §85K; Harlow v. Chin, 405 Mass. 697, 716 (1989). “The fact that a fee was charged [for services] ... is not sufficient to take the hospital out of the protection of G.L.c. 231, §85K.” Id. The plaintiffs argument that because the defendant generates a substantial amount of annual revenue its activities should be regarded as profitable, or primarily commercial, fails to consider another important dimension of the total picture. As pointed out in the Defendant’s Reply to Plaintiffs Opposition at 2-3, despite substantial 1997 revenues, Memorial Healthcare, Inc. lost revenue in excess of six million dollars in the year in question, to say nothing of its total, long-term debt at the time.
Here, UMHC has met its burden of showing that it is a charitable organization for purposes of this statute. UMHC has submitted numerous exhibits which trace the history of its various predecessor entities and establish that when it was originally incorporated it was a charity and its continued status as a charity, with the purpose of advancing the knowledge and practice of medicine, surgery, nursing, and health. Home Health, as a department within UMHC, falls within this category as well. Contrary to the plaintiff s assertion that Home Health is a subsidiary of UMHC, it is not, but rather, is actually part of the charitable corporation UMHC.
Further, UMHC has met its burden of demonstrating that the tort committed against the plaintiff occurred in the course of its charitable purpose. Under G.L.c. 231, §85K, an organization shall not be liable for “any activity carried on to accomplish directly the charitable purposes of such corporation . . .” G.L.c. 231, §85K (emphasis added); Goldberg v. Northeastern Univ., 60 Mass.App.Ct. 707, 711 (2004). In Connors, where the plaintiff was injured from a fall on accumulated snow in the hospital’s parking lot, the court held that snow removal activities accomplish the hospital’s charitable purpose. Connors, 439 Mass. at 477-80. Similarly, here the plaintiff was injured while performing her duties at the receptionist desk of Home Health, wherein such duties directly advance UMHC’s purpose of providing health care to people. This is not a case in which there is any basis in the record for the determination that Home Health’s or UMHC’s activities are primarily commercial, i.e., “entirely disconnected” from its charitable purposes. Goldberg, 60 Mass.App.Ct. at 713. Once the defendant meets its burden of establishing its status as a charitable orga *59 nization, the burden shifts to the plaintiff to show with admissible evidence the existence of a dispute as to material facts. Mathers, 403 Mass. at 690, quoting Godbout v. Cousens, 396 Mass. 254, 261 (1985). Nothing in the record demonstrates that UMHC or Home Health were not charitable organizations within the meaning of G.L.c. 231, §85K, or that the plaintiffs tort injury did not occur during the course of an activity that directly accomplished UMHC’s purpose. Because the plaintiff fails to meet her burden, partial summary judgment for UMHC pursuant to G.L.c. 231, §85K is granted.

ORDER

For the above reasons, it is therefore ORDERED that the defendant’s motion for partial summary judgment is ALLOWED.