Feeley, Timothy Q., J.
This case arose out of an aborted purchase of land. The plaintiff, Genesis II, LLC (“Genesis”), owned certain commercial real estate located at 179-81 Main Street, Milford, Massachusetts (the “property”). The defendant, Sam Chan (“Chan”), offered to purchase the property by means of a standard-form, “Contract to Purchase Real Estate” (the “offer to purchase”). Genesis accepted the offer, as well as a non-refundable $2,000 deposit. The offer to purchase provided that the parties would sign a standard-form purchase and sale agreement for the property within fifteen days. That did not happen, and Chan did not go through with the purchase of the property. As a result, Genesis brought this action, charging Chan with violating the implied covenant of good faith and fair dealing, as well as G.L.c. 93A. Chan now moves for summary judgment on both claims, arguing that the offer to purchase contains a liquidated damages provision that provides that Genesis’s sole remedy for a default by Chan of his obligations under the offer to purchase is forfeiture of the $2,000 deposit.
For the reasons discussed below, the court agrees with Chan and holds that this action is precluded by the liquidated damages provision of the offer to purchase. Therefore, Chan’s motion for summary judgment is ALLOWED.
Background
On or about December 19, 2006, Chan submitted to Genesis the signed offer to purchase the property for $630,000, along with a deposit of $2,000. Two days later, Genesis accepted the offer. The offer to purchase, using a standard-form from the Massachusetts Association of Realtors and titled “Contract to Purchase Real Estate,” contains several provisions pertinent to this case.
Paragraph 3 is entitled “Purchase And Sale Agreement and provides in full: ‘The SELLER and the BUYER shall, on or before 4 p.m. within 15 days of acceptance execute the Standard Purchase and Sale Agreement of the MASSACHUSETTS ASSOCIATION OF REALTORS or substantial equivalent which, when executed, shall become the entire agreement between the parties and this Offer shall have no further effect.”
Paragraph 8 is titled “Buyer’s Default and provides in full: “If the BUYER defaults in BUYER’S obligations, all monies tendered as a deposit shall be paid to the SELLER as liquidated damages and this shall be SELLER’S sole remedy.”
There is no dispute that the parties failed to execute a purchase and sale agreement for the property, and no dispute that it was Chan who was unwilling to comply with his obligation under Paragraph 3 of the offer to purchase to execute the agreed-upon purchase and sale agreement.
Discussion
As a preliminary matter, the party moving for summary judgment, in this case, Chan, has “the burden of affirmatively demonstrating that there is no genuine issue of fact on every relevant issue raised by the pleadings.” Mathers v. Midland-Ross Corp., 403 Mass. 688, 690 (1989). “One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.” Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Motions for summary judgment are governed by Rule 56 of the Massachusetts Rules of Civil Procedure. A motion for summary judgment should be granted when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c). A party who does not bear the burden of proof at trial, such as Chan, may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991).
The court need look no further than Genesis’s version of the facts and the plain language of the liquidated damages provision of the offer to purchase to conclude that there are no genuine issues of fact, and Genesis’s claims can be disposed of as a matter of law. Although not determinative of this motion, the court easily finds that the offer to purchase was a valid contract between the parties, and that Chan breached his obligation to execute a standard form purchase and sale agreement. This motion, however, is controlled by the parties’ agreement as to remedies. “It is [ ] elementary that an unambiguous agreement must be enforced according to its terms.” Schanbeck v. Federal-Mogul Corp., 412 Mass. 703, 706 (1992). The offer to purchase could not be more unambiguous. It provides that, upon default by Chan, all monies tendered as a deposit, here, $2,000, shall be paid to Genesis, and the forfeited deposit shall be Genesis’s sole remedy. The court need go no further. Sole remedy means sole remedy. Accordingly, Genesis’s attempt to seek damages in excess of the liquidated damages *488 already in its possession is barred by the plain language of the offer to purchase.
Genesis’s arguments to the contrary are misplaced. The court does not disagree that the offer to purchase was a contract and was breached by Chan. However, even if it was a “full and complete expression of the parties’ agreement” at the time it was created, it did not contemplate that it would be the full and complete expression of the parties’ agreement for the purchase and sale of the property. By its veiy terms, the offer to purchase contemplated entiy into a purchase and sale agreement that, upon its execution, would cause the offer to purchase to be without “further force and effect.” Clearly, Chan breached his obligations under the offer to purchase, and was in default thereunder. However, Genesis agreed to a sole and exclusive remedy for a breach of the offer to purchase, and that remedy has been implemented by the forfeiture of Chan’s $2,000 deposit to Genesis.
Genesis was a signatory to the offer to purchase and is bound by its terms. The offer to purchase, contained on a standard realtor’s form, is designed to act as a bridge to the parties’ entry into a binding contract to buy and sell land. If Genesis wanted to obtain greater protection from Chan’s possible default under the offer to purchase, it could have negotiated a larger deposit or a change to the liquidated damages provision.
It does not matter what Genesis calls its claims in this action. In the absence of a sole and exclusive remedy provision, its claims might survive dismissal or summary judgment. However, Genesis seeks damages for Chan’s default in his obligations under the offer to purchase. Its claims in this case are therefore barred by the express terms and plain language of the offer to purchase. Chan’s actions might have, as Genesis argues, “destroyed the essence of the deal and defeated [Genesis’s] expectation of receiving the agreed-upon purchase price,” but Genesis, as is Chan, is bound by the terms of the offer to purchase. Genesis gave up its right to seek damages in excess of the amount of the deposit, and attempting to use non-con - tractual language in its claims does not change the fact that the agreed-upon sole and exclusive remedy is liquidated damages.
ORDER
It is therefore ORDERED that the defendant’s motion of summary judgment is ALLOWED.